**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

SEP 05 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

**URSULA C. STATEN**

                                  **PLAINTIFF**

VS.                                              CIVIL ACTION NO. 1:19cv560LG-RHW

**HARRISON COUNTY, MISSISSIPPI,**
**HARRISON COUNTY BOARD OF SUPERVISORS,**
**In Their Official And Individual Capacities**
**LISA MISHUNE ROSS, In Her Individual and Official Capacity,**
**And  LISA M. ROSS LAW FIRM,**
**PATRICK T. GUILD, ATTORNEY FOR HARRISON COUNTY, MS,**
**In His Individual And Official Capacity,**
**HARRISON COUNTY SHERIFF MELVIN BRISOLARA,**
**In His  Individual And Official Capacity**
**HALEY NECAISE BROOM, ESQ., ATTORNEY FOR**
**HARRISON COUNTY SHERIFF MELVIN BRISOLARA,**
**In Her Individual And Official Capacity**
**HEALTH ASSURANCE, LLC, KENISSA CLARK RN,**
**In their Individual And Official Capacities,**

**ROBERT H. PEDERSEN, AND WALTER T. JOHNSON,**
**OF WATKINS & EAGER, PLLC. In  their Individual**
**and Official Capacities , AND AS ATTORNEYS**
**FOR HEALTH ASSURANCE, LLC, AND  KENISSA CLARK, RN,**
**JASON E. DARE, ESQ, ATTORNEY FOR CITY OF**
**D'IBERVILLE, et al.,In His Individual And**
**Official CAPACITY  AND JOHN DOES 1-5**           **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW, Ursula C. Staten herein after [Plaintiff] , and for good and sufficient causes of action files this Complaint against the named [Defendants], as more specifically set forth and state as follows:

## INTRODUCTION STATEMENT OF CASE

1.   This **detailed** action is brought to recover damages and disgorgement of **ill-gotten, self-serving gains** from the aforementioned Defendants for a host of causes of action to include **fraud, negligence, fraudulent misrepresentation, conspiracy, unjust enrichment, conversion, , fraud** upon the **Court, breach of fiduciary duties,** "**bait and switch, abuse of process, tortuous interference with contractual relations, defamation, misappropriation of funds, embezzlement, insurance fraud , cover-up, concealment** amongst other claims arising from Defendants acting individually and in concert with one another as stated more specifically herein.

2.   Plaintiff was granted authority by Chancery Court Order to prosecute claims and to recover proceeds for the **wrongful death and "wrongful death action"** of the Estate of Ray Charles Staten Sr. *(Civil Action No. 1:13cv212LG-JMR).*

3. Defendants individually and collectively conspired to **defraud Plaintiff, the Department of Justice, each Court (Chancery and Federal) and each Court proceeding** thereafter by creating, fabricating, altering and submitting false information and fraudulent documents on behalf of Plaintiff, against the wishes of Plaintiff , without Plaintiff's knowledge or consent. Each Court proceeding was deliberately compromised and sealed to conceal and hinder future disclosure of the acts of misconduct..

**Page 2**

4.   Defendants used unlawful unauthorized, fraudulent actions,

by and through fraudulent documents: 1)**Agreed Order of Dismissal with Prejudice**,

2)**Stipulation of Dismissal,**  fraudulently submitted to the Court (s) **on behalf of**

**Plaintiff without Plaintiff's knowledge or consent,** whereas each Defendant profited

and lined their own pockets and **avoided all liability and compensation to the**

**detriment of Plaintiff at the expense of the death and Estate of Ray Charles Staten Sr.**

**and his "wrongful death action"** (*Civil Action No. 1:13cv212LG-JMR*).

5.  With knowingly **"unclean hands"** Defendants continually **violate**

Plaintiff and her rights with retaliatory abusive harassments, unwarranted bad faith

frivolous charges of practicing law without a license, hindrances, deterrents, obstruction,

sanction requests, fees, and various other means to dismiss, cover-up and prevent

Plaintiff from exercising her rights, to obtain justice of the unconscionable fraudulent

illegal actions that have taken place and caused extensive damages .

6.   Plaintiff was deliberately and fraudulently stripped of and denied

the right and opportunity to litigate the wrongful death of Ray Charles Staten Sr.

with a trial on the merits of the case which was held at a extremely much

greater value than was fraudulently settled and dismissed by Defendants without

Plaintiff's knowledge or consent as a result fraudulent misrepresentation by Defendants

on behalf of Plaintiff without the knowledge or consent of Plaintiff.

7.   Plaintiff is a **victim** of intentional and pervasive legal misconduct,

fraud, corruption, obstruction ,greed, blatant abuse of the legal system and judicial

processes causing damaging and destructive affects against Plaintiff, (and various interested parties), , all in violation of Plaintiff's rights privileges and immunities as guaranteed by the Constitution of the United States of America , the federal statues under which this claim is prosecuted and the laws of the state of Mississippi.

8.   By this action, Plaintiff seek to vindicate the violation of her rights protected by the U. S. Constitution and Mississippi law to obtain redress for the deprivation and conspiracy to deprive Plaintiff of her federally protected rights as herein alleged, also relinquish Defendants' continuous fraudulent activity, **unjust enrichment**, intentional infliction of emotional distress, harassment , defamation and surmountable damages.

## PARTIES

9.   The Plaintiff **URSULA C. STATEN** is an adult resident citizen of Harrison County, Mississippi. Plaintiff formally the Court appointed Administratrix / Personal Representative of the *Estate of Ray Charles Staten Sr*. and **sole Plaintiff** of the "wrongful death action" of the Estate of Ray Charles (*Civil Action No. 1:13cv212LG-JMR).*

10.  The Defendant, **HARRISON COUNTY, MS**, by and through its Board of Supervisors, in their official and individual capacities is a political subdivision which pursuant to statue may be served by effecting service of process upon John McAdams, Chancery Clerk, at his regular place of business being 1801 23rd Avenue, Gulfport, MS, 39501.

11.  The Defendant, **HARRISON COUNTY BOARD OF SUPERVISORS,** individually and collectively, are sued herein in their official and individual capacities for allowing such illegal; and blatantly offensive practices to continue in this county without exercising the requisite level of oversight and supervision as vested in it by the State of Mississippi.

**12.** As a consequence thereof, these Defendants participated in the violation of the rights and privileges and immunities of the Plaintiff and thus are liable to her. This Defendant may be served with process through its chief executive officer, Marlin Ladner, President of the Harrison County Board of Supervisors at 1801 23rd Avenue, Gulfport, MS 39501.

**13.** The Defendant **LISA MISHUNE ROSS, and LISA M. ROSS LAW FIRM,** are one and the same and as such this Defendant is sued in her individual and official capacity. Defendant Lisa Mishune Ross is an adult citizen residing in Madison, Mississippi. As a result of unlawful and negligent conduct of **LISA MISHUNE ROSS,** and **LISA M. ROSS LAW FIRM** violated the constitutionally protected rights, privileges and immunities of Plaintiff. Consequently, in addition to all other violations stated herein, this Defendant and (Staff acting under Defendant Lisa M. Ross's direction), is liable to Plaintiff for bribery, fraud, fraud in inducement and in the factum, extortion, insurance fraud, misappropriated funds, embezzlement , among others so stated herein and for damages so sustained as the result. At all times relevant to the facts of this lawsuit Lisa M. Ross was an attorney duly licensed to practice law in the State of Mississippi in the office **LISA M. ROSS LAW FIRM** located at 514 East Woodrow Wilson, Jackson, MS 39216, where she may be served with process.

**14.** The Defendant **PATRICK T. GUILD,** Attorney for Harrison County, MS, is an adult citizen of Harrison County, Mississippi. At all times relevant to the facts of this lawsuit **PATRICK T. GUILD** was an attorney duly licensed to practice in the state of Mississippi with an office, Boyce Holleman and Associates, Inc., P.A. 1720 23rd Avenue, Gulfport, MS 39501, where he may be served with process. Patrick T. Guild is sued in his individual and official capacity.

15. The Defendant **HARRISON COUNTY SHERIFF MELVIN BRISOLARA,**
was the Sherriff of Harrison County, MS and Harrison County Adult Detention Center
and may be served with process at 10451 Larkin Smith Drive, Gulfport, MS 39503.
Harrison County Sheriff Melvin Brisolara, in her individual and official capacity.
At all times relevant to the facts of this lawsuit **HALEY NECAISE BROOM, ESQ.,**
Dukes, Dukes, Keating & Faneca, PA, 2909 13th Street, 6th Floor, Gulfport,
MS 39501. Haley Necaise Broom is sued in her individual and official capacity.

16. The Defendant **HEALTH ASSURANCE, LLC,** is a Mississippi corporation and
may be served with process of this court on its registered agent Melvin Priester at 371 Edgewood
Terrace Drive, Jackson MS 39206. Health Assurance, LLC is sued in its individual and official
capacity.

17. The Defendant **KENISSA CLARK RN,** is an adult citizen of Harrison
County, Mississippi. She may be served with process of this court by service at 95259
Debbie Cove, Gulfport, MS 39501.

At all times relevant to the facts of this lawsuit Kenissa Clark was a Registered
Nurse at the Harrison County Adult Detention Center duly licensed to practice in the
state of Mississippi. Kenissa Clark is sued in her individual and official capacity.

18. The Defendant **ROBERT H. PEDERSEN,** is an adult citizen of Jackson
Mississippi.  At all times relevant to the facts of this lawsuit Robert Pedersen was an
attorney duly licensed to practice in the state of Mississippi with an office, Watkins &
Eager PLLC located at  400 E. Capitol St., Jackson, MS 39201 where he may be served with
process. Robert H. Pedersen is sued in his  individual and official capacity.

19.  The  Defendant  **WALTER T. JOHNSON,** is an adult citizen of Jackson

**Page 6**

Mississippi. At all times relevant to the facts of this lawsuit Walter Johnson was an attorney duly licensed to practice in the state of Mississippi with an office, Watkins & Eager PLLC located at 400 E. Capitol St., Jackson, MS 39201 where he may be served with process. Walter T. Johnson is sued in his individual and official capacity.

20.  The Defendant **JASON E. DARE, ESQ.,** Attorney for City of D'iberville, et al., is an adult citizen of Jackson Mississippi. At all times relevant to the facts of this lawsuit Walter Johnson was an attorney duly licensed to practice in the state of Mississippi with an office, Wyatt, Tarrant & Combs,LLP , located at 4450 Old Canton Rd. #210, Jackson MS 39211. Jason E. Dare is sued in his individual and official capacity.

21.  The Defendants, John and Jane Does 1-5, are corporations, entities businesses, individuals, and the like whose identities and/or roles are presently unknown to the Plaintiff.

### JURISDICTION AND VENUE

22.  This Court has jurisdiction over this action because it arises under the laws of the United States Constitution and this Court has jurisdiction of this action pursuant to 42 U.S. C. §§ 1981, 1983, 1984, 1985, 1986, and Mississippi law to redress the Defendant's tortuous conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

23. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§1331, 1341, 1343 and it has supplemental jurisdiction of state-law claims pursuant to 28 U.S. C. §1367 and such other claims.

24.  This Court also has jurisdiction to adjudicate the pendant state claims raised herein. This civil action is bought pursuant to 42 U.S. C. and it arises under

**Page 7**

the laws of the United States  Constitution and  the Mississippi laws to redress

the Defendant's tortuous conduct and the  deprivation of Plaintiff's rights secured by

the  U.S. Constitution.

25. This honorable Court has jurisdiction over the parties and the subject-matter

herein as this is the county and district where the wrongs perpetrated against the Plaintiff

by the defendants, jointly and severally, were committed.

The wrongs herein committed constituted violations of federal constitutional and

statutory protections which invoke the original jurisdiction of this Honorable Court.

26.    Venue is proper under 28 U.S.C. 1391(b).   The Plaintiff reside in this

Judicial district; on information and belief, the majority of the Defendants reside in

this judicial district; and the events and omissions giving rise to Plaintiff's claims

occurred in this district.

27.    Venue of all causes of action contained in this lawsuit is proper and

appropriate in this Court in Harrison County, MS because the facts which are the

basis of such causes of action occurred in Harrison County, MS and the conduct

that  is the subject matter of this  Complaint which these causes of action are based

occurred in Harrison County, Mississippi.

## BACKGROUND STATEMENTS OF FACTS

28. The genesis of the case is the May 10, 2011 **death of Ray Charles Staten, Sr.,**

while being unlawfully detained in the custody of the Harrison County Sheriff's Department,

at the Harrison County Adult Detention Center.

29.    The custody of Ray Charles Staten Sr. originated from a phone call on
April 29, 2011 Ray Charles Staten Sr. made to the D'iberville Police Department for assistance
with a family disturbance which ultimately resulted in Ray Charles Staten Sr. being arrested
for an "old fine"of $409.00 and taken to the Harrison County Adult Detention Center.

30.   Ray Charles Staten Sr. was unlawfully detained for several days beyond
his release date as "time served". He became gravely ill, but was denied access to
medical care while detained at the Harrison County Adult Detention Center.

31. The inadequate healthcare was the result of the privately -owned healthcare
company, **(Health Assurance LLC)** at the Harrison County Adult Detention Center
whose contract was determined to be obtained and secured through bribes of at least one
or more members of the Board of the Harrison County Board of Supervisors and not based on
the quality or adequacy of services provided.

32. **For nearly two decades,** the Defendants Harrison County Adult Detention
Center, and Harrison County, MS (Board of Supervisors )had been under the federal
government's direction**(consent decree** )due to unsafe conditions at the Harrison County
Adult Detention Center, which prompted the federal Department Of Justice to step in and
direct jail operations. **(Copy consent decree attached hereto Exhibit 1).**

33. In 2006, most of the Defendants herein were caught in the eye of a storm when
videotape surfaced of Jessie Lee Williams **(inmate)** being beaten to death by guards at the
Harrison County Detention Center. At that time, Harrison County had been under the
"**consent decree related to poor jail conditions** for 11 years.

**Page 9**

34. In the Jessie Williams' case , Harrison County, Harrison County Detention Center Sheriff and Health Assurance were among the Defendants of a lawsuit filed by the Estate and family of Jessie Lee Williams by and through Attorney Michael Crosby for Jessie L. William's death.

35. Under its contract with Harrison County, Health Assurance LLC was required to maintain a one million dollar liability policy and indemnify any judgment against the County and the Harrison County Detention Center.

36. July 2, 2007, As according to information reported to media and public by Harrison County, A settlement was reached in the wrongful- death lawsuit between the family of Jessie Lee Williams Harrison county and the city of Gulfport.

The Harrison County Board of Supervisors announced its 3.5 million settlement with the Williams' Estate. The counties insurance policy would cover $1 million. The rest of the settlement will be funded by bond issue. **Supervisors say it was in the best interest of the taxpayers to settle the case.**

> " *There will be no admission to liability by Harrison County,*
> *the sheriff, or his deputies. " This settlement will be made to avoid possible*
> *larger financial obligations, substantial attorney fees and court cost,*
> **Board President Larry Benefield said .**
>
> *"Hopefully, this settlement will bring some measure of closure for the heirs of*
> *Jesse Lee Williams, as well as the citizens of Harrison County.*
> *" We are proud to provide some resolution to this issue we feel that it is time*
> *for this to be resolved,* Gulfport's Mayor Brent Warr stated."
> **(See article attached hereto Exhibit 2).**

37. On May 10, 2011, while **under the same consent decree,** guards, and nurses employed by Harrison County and Health Assurance, LLC, same Defendants in the Williams case, is the proximate cause of Ray Charles Staten, Sr. dying a horrific, agonizing death in the Harrison County Detention Center.

38.   Several days after Ray Charles Staten, Sr. **should have already been released "time served",** from the Harrison County Detention Center he was unlawfully detained and ignored while he suffered in agonizing sickness and pain as he and his two ( 2) cellmates, Christopher Housley and Alonzo Reaves begged the guards and nurses for medical assistance.

39.   **May 10, 2011,** Ray Charles Staten Sr.'s untimely preventable tragic death of a treatable illness was reported to his family and media/public by Defendants as "death by natural causes". **(See articles attached hereto Exhibit 3).**

40.   **May 15, 2011,** Plaintiff received a note with phone number from Alonzo Reaves (cellmate of Ray) addressed to" ***Ray Staten's wife***", requesting a contact / meeting, "also stating , " Ray Staten died in his arms and he needed to deliver something to his wife, as per Ray Charles Staten Sr.'s request."

41.   Plaintiff and Ray Charles Staten Sr.'s three (3) children met with Alonzo Reaves who provided Plaintiff with statements of Ray Staten's (2)two cellmates, **Christopher Housley** and **Alonzo Reaves eyewitnesses to Ray Staten's death,** also a Petition signed by approximately ten(10) additional inmates who witnessed Ray Charles Staten Sr. suffer mercifully and die a cruel and inhumane death in front of them due to the negligence of Defendants in the Harrison County Detention Center. **(See attached hereto Exhibit 4)**

42.   Plaintiff was informed by Alonzo Reaves (cellmate) that, **as** Ray Charles Staten Sr. was nearing his demise, Ray Charles Staten Sr. pleaded to his cellmates to inform his wife of the truth of his egregious wrongful death in the Harrison County Adult Detention

Center, and to  please seek justice for his wrongful death by the  Defendants.

43.    Ray Charles Staten Sr.'s death, May 10, 2011 in the Harrison County Adult

Detention Center revealed that Defendants Harrison County Adult Detention Center,

and Harrison County, MS (Board of Supervisors ) failed  Ray Charles Staten Sr.

*(while still under the consent decree)*  by violating and failing to implement the laws,

practices and procedures put in place for his protection , privileges and rights.

44.  Defendants Harrison County Adult Detention Center, and Harrison County,

MS (Board of Supervisors ) were in complete violation  while under the federal

government's direction(consent decree )due to unsafe conditions at the Harrison County

Adult Detention Center, which is what initially prompted the federal Department Of

Justice to step in and direct  jail operations since September of 1993 which states:

## II. Medical and Mental Health Care and Suicide Prevention

1. *Medical care at the jail is inadequate. In particular, deficiencies include: a shortage of  medical staff (resulting in the LPN practicing beyond the scope of her license); virtually no medical screening of inmates at intake: inadequate call access procedures; in adequate system of procuring, storing and dispensing of medication; ineffective TB control program; the practice of having inmates with medical problems sleeping on floors; and allowing inmate trustees access to medical records.*

### MINIMUM REMEDIAL MEASURES

To rectify these deficiencies at the Jail and to ensure that constitutional  standards are achieved,  we recommend that the following minimum remedial measures be implemented:

### II. Medical And Mental  Health Care And Suicide Prevention.

1.    To ensure provision of adequate medical care, this facility must:
Hire a contract for the services of a full-time qualified medical professional, e.g.
a registered nurse, to enhance the current staff and to provide adequate on-site services.

a.   Schedule physician sick call at least three times per week at the facility.
c.   Ensure that a physician makes periodic rounds at each of the housing unit.
g.   Cease the practice of having inmates with medical problems sleep on the floor.
      (See copy of doc. attached hereto Exhibit 5).

45.   On June 9, 2011, as a result of the egregious wrongful death of Ray Charles Staten Sr., Plaintiff retained Defendant Lisa M. Ross specifically for representation of providing legal services regarding the Probate proceedings of the Estate of Ray Charles Staten Sr. in Chancery Court and the "wrongful death action" of Ray Charles Staten Sr. in federal court against Harrison County Detention Center and Health Assurance LLC and John Does 1-4. **(See copy attached hereto Exhibit 6).**

46.   Defendant Lisa M. Ross intentionally and deliberately failed to disclose or advise Plaintiff of the **conflict of interest** regarding her personal and professional relationship/connection with **Health Assurance LLC, its owners, (Carl Reddix)** physicians, the opposing counsels, ( **Attorney Walter Johnson**) etc., creating direct **conflicts of interest** which immediately adversely affected the outcome causing a disadvantage to Plaintiff resulting in the unwarrantable egregious damages as stated herein.

47.   From the outset of being retained, Attorney Lisa Ross **basically hijacked the Case** as if it were her own and took complete control in a totally different direction than discussed, or contracted with Plaintiff and began working as a "double- agent, to accommodate her own purpose and intentions , at all times self-serving for her own personal benefit at the expense at the expense of the Estate.

48.  **June 24, 2011,** Approximately six (6) weeks following the **May 10, 2011 tragic** wrongful death of Ray Charles Staten Sr. in the Harrison County Adult Detention Center, and approximately one (1) week before a team from the Justice Department was due to tour the Jail, (a process of the Federal Order in place), which occurred every 2-4 months for 16 years under the federal government's directions, due to the unsafe conditions at the Harrison County jail.

**Page 13**

49.    Harrison County Board of Supervisors and the Harrison County Sheriff's

Department announced to the media and the public in an article dated July 5, 2011:

### *Federal Order Overseeing Harrison County Jail Could End Soon*

Unsafe conditions at the Harrison County jail prompted the federal Department of Justice to step-in and direct jail operations. That was 16 years ago.
That's how long the county jail has been under the federal government's direction.

But the Sheriff is confident that may be ending soon and the issue was discussed at Tuesday's Board of Supervisors meeting.

Millions of dollars have been spent on jail improvements to try to erase deficiencies and satisfy the federal court order. That's why Sheriff Melvin Brisolara pleaded with County leaders to fund an increase in supervisory staff at the jail.

" *It's the dark cloud that's hung over the Harrison County Jail since 1995.*
" *The federal government controls the operation of this lock up.*"

"*It's time Harrison County takes control of that jail back, and we run it ourselves the way we feel fit for Harrison County.*
"*But we can't do that until we get Justice out of the way, 'said Sheriff Brisolara.*

"*I'm trying to keep it at the kind of level it was when Justice left six months ago, to where we aren't down, so they'll see that we have maintain that level of supervisors and also personnel, he said.*"

"*The one issue that kind of trumps that right now is with the Justice Department coming back, said board president Windy Swetman.*
"*We don't want to have any deficiencies that we didn't have before.*

The attorney for the Board of Supervisors, Tim Holleman is quite familiar with the legalities of the jail operation meeting those requirements of the federal court decree.

He, too, believe the County could be getting close to relieving itself of that federal oversight. There's been great progress made over the years with the jail, and we're hopeful that with the progress that's been made, the decree will be resolved, said Holleman.
"*I think we are really getting down to the end of this thing we need to end it, said the Sheriff.* "

In the past four years, Harrison County has spent some 13 million in various jail improvements. (See copy attached hereto Exhibit 7).

**Page 14**

50. **July 8, 2011, Plaintiff** immediately contacted and filed an **official complaint** with the **United States Department of Justice** regarding the egregious wrongful death of Ray Charles Staten Sr. in the Harrison County Adult Detention Center, forwarding the publication and statements to the media and public on **July 5, 2011** by the Harrison County Board of Supervisors and the Harrison County Sheriff's Department **(See copy attached hereto Exhibit 8).**

51. On **July 19, 2011** the Chancery Court of Harrison County, MS, Second Judicial District entered an Order *Granting Appointment of Administratrix and for Issuance of Letters of Administration,* to Plaintiff granting Ursula C. Staten the authority to prosecute the claims of the Estate and to recover and distribute proceeds for the Estate of Ray Charles Staten Sr. **(See copy attached hereto Exhibit 9).**

52. By **April 8, 2012,** Plaintiff sent notice/fax of dissatisfaction and ultimatum of termination of services to Attorney Lisa Ross, for lack of any communication, call-backs, or any activity of pursuit regarding the horrific wrongful death of Ray Charles Staten Sr. in the Harrison County Adult Detention Center. **See copy attached hereto Exhibit 10).**

53. On **April 12, 2012,** Defendant Lisa M. Ross submitted the *Notice of Claim & Notice of Litigation Hold* to Harrison County Adult Detention Center, Harrison County Board of Supervisors, Sheriff Melvin Brisolara, and Health Assurance LLC, as discussed and requested by Plaintiff upon being retained and contracted. **(See copy attached hereto Exhibit 11).**

54. On **May 7, 2012,** upon receipt of the *Notice of Claim & Notice of Litigation Hold, (regarding the death of Ray Charles Staten Sr.),* Harrison County

Board of Supervisors moved for an Order approving the employment of Board attorney Tim C. Holleman, Boyce Holleman & Associates to represent Harrison County in the litigation matter of Ray Charles Staten Sr. v. Harrison County Board Of Supervisors, and Sheriff Melvin Brisolara,  et. el, and for related purposes, also, .." *in order to protect its interests, action will have to be taken on behalf of Harrison County, Mississippi"*. (See copy attached hereto Exhibit 12).

55.   In **May, 2012,** Upon  receipt of the **Notice of Claim & Notice of Litigation Hold,  (regarding the death of Ray Charles Staten Sr.),** Harrison County Board of Supervisors immediately terminated the contract with **Health Assurance LLC/ Carl Reddix** for  health services for the Adult Detention Center,  effective July  16, 2012 .

56.  **June 16, 2012   Health Assurance LLC.,  Carl Reddix/Owner**  contacted **Harrison County Administrator,** expressing  disappointment of the Board's decision to terminate Health Assurance's contract with the Harrison County Adult Detention Center.  **Carl  Reddix  (Health Assurance)** informed Harrison County, that" **Health Assurance LLC** will also terminate the contract with Harrison County **Youth**  Detention Center unless the County wished to dramatically increase the contract value.( **See copy attached hereto Exhibit 13).**

57.  By **January 10, 2013**  Plaintiff  forwarded  an email  notification of termination of services to Attorney  Lisa Ross, no communication (twice in 2yrs.) and  refusing to file the Complaint.( See  copy attached hereto Exhibit 14).

**Page 16**

## COUNT I
## (FRAUD, MISREPRESENTATION, DEFAMATION)

58.    Plaintiffs restate and re-allege all prior paragraphs of this Complaint and
incorporate the same as if fully set forth herein.

59.   On **May 10, 2013,** two-years to the date of the wrongful death of
Ray Charles Staten Sr. in the Harrison County  Adult  Detention  Center,
Attorney Lisa Ross finally filed the wrongful death Complaint, and immediately
contacted  the  media .

60.    Attorney Lisa Ross purposely and meticulously added seven (7) persons
whom were never  mentioned, discussed or  authorized  with Plaintiffs , which included
first and far most, the City of D'Iberville, Mayor of D'Iberville, D'Iberville Chief of Police,
four (4) City of D'Iberville Council Members and Kenissa  Clark, RN, in their individual
capacity, stating this was standard, protocol and the individuals in their positions were
familiar with this process. ( **See  copy attached hereto Exhibit 15).**

61.    Attorney Lisa Ross deliberately and  maliciously inserted those
persons/entities  in an attempt to provide a smoke screen, distraction and  diversion
from the gross  negligence of **Health Assurance LLC/Carl  Reddix** , and the lack of
adequate professional medical care **in Harrison County  Detention  Center** which was
the  proximate cause of the **egregious wrongful death of  Ray Charles Staten Sr.**

62.    Attorney Lisa Ross purposely failed to communicate, discuss or allow
Plaintiff to view or review the contents of the Complaint  for approval and authorization
prior to filing and submitting  publicly to the media,  therefore was not  informed prior

**Page 17**

to, the contents and presentation of the **news article** were unacceptable and would

jeopardize and compromise the personal and professional relationship Plaintiff

maintained with those named Defendants. ( **See copy attached hereto Exhibit 16).**

63.   The defamatory article submitted to the media by Attorney Lisa Ross

regarding Plaintiff, subjected Plaintiff to conditions and circumstances that became so

severe Plaintiff was made aware that her business was not longer welcomed in the City of

D'Iberville, prompting Plaintiff to close the office/business in the City of D'iberville causing

Plaintiff personal, physical , emotional, and financial hardship and damages to include

**permanent disability ( since July 2013) . ( See copies attached hereto Exhibit 17).**

64. The defamatory article submitted by Attorney Lisa Ross prematurely

inaccurately referred to deceased Ray Charles Staten Sr. as being poor, indigent and

unable to pay $409.00 to be released from jail, negligently diminishing the economic

value of Ray Charles Staten Sr.'s claim for his wrongful death.

65.  June 7, 2013   Four (4) weeks following the filing of the Complaint regarding

the egregious wrongful death of Ray Charles Staten Sr. in the Harrison County Adult

Detention Center and the damaging article Attorney Lisa Ross submitted to the media,

Harrison County Sherriff issued a statement to the media referencing the Harrison

County Adult Detention Center, (jail) and his frustration with the Justice

Department "looking over their shoulder concerning the **unsafe conditions of**

**the jail"** which stated:

> **Harrison County Sheriff says it's time to end federal jail oversight**
>
> Sheriff Melvin Brisolara says *it's time to end federal oversight of
> the Harrison County Jail.*

**Page 18**

The U.S. Justice Department intervened 16 years ago because of
complaints about overcrowding and understaffing at the lock up.

Those issues have been addressed, but the federal oversight team
keeps finding others.

" *At 16 years of this, somebody's not doing their job.*
*The court decree should have never lasted this long.*
*Either they aren't doing theirs or we aren't doing ours.*
*And if it's us, then they need to come down here and run it," said Sheriff Brisolara.*

The sheriff said *the demands from the Justice Department team*
*have become a moving target. Once he satisfies one area,*
*they called for changes in another.*

* *The latest is the call for more improvements in the medical area;*
*more mental health counselors and better treatment for inmates with AIDS.*

" *We  increased the medical staff to try and get the medical attention*
*that they  need, but is not a hospital here. And this is not a prison,*
*this is short term."*

The sheriff shared his frustrations with county supervisors this week.

*One option: A lawsuit.*

" *I think that word was used. And you know, it might get to that point.*
*We'll just have to see what the next visit brings and go from there,"*
*said the sheriff.*

A team from the Justice Department visited the jail last month
and will return in November.

The team does an on- site inspection at the Harrison county
jail twice a year. Plus, the sheriff must send detailed monthly
reports to Washington.
 ( See copy attached hereto Exhibit 18).

66.   The article Defendants published to the media was insensitive, in poor taste and

revealed a lack of  moral compassion for the  humans or their  health and personal well  being

while detained in the Harrison County Detention Center  in a facility with conditions so severe

**Page 19**

Ray Charles Staten Sr. lost his life because of denial and lack of adequate medical care.

67. The article brought about major concerns to Plaintiff and many persons of

the public as one Reader commented:

> *"Sorry, Sheriff, but your jail has permitted murders, torture and*
> *mayhem to occur, even while under supervision of the Feds.*
>
> *You'll have to deal with it....Instead of giving us a report on*
> *the new kitchen utensils you bought, how about sharing with us*
> *any abuse of power you know about since you were elected.*
>
> *How many inmate abuse complaints have been filed?*
> *How many are still being investigated?*
>
> *Would love to hear an update about Ray Charles Staten Sr.'s death*
> *at your jail"*........  ( See copy attached hereto Exhibit 19).

68. **May 9, 2014 , Plaintiff was informed Christopher Housley and Alonzo**
**Reaves (cellmates and eyewitness to horrific wrongful death of** *Ray Charles Staten*
*Sr.'s death* **in** the Harrison County Adult Detention Center filed a **Complaint** against the
**Defendants** stating : *"The Defendants individually and in concert with one another,*
> *in their official and individual capacity did willfully, wantonly*
> *and with reckless disregard for the right privileges and immunities,*
> *while acting on the color of State Authority did wrongfully cause*
> *them in to suffer shock, emotional distress, mental anguish,*
> *heartache and despair, as well as post traumatic stress disorder.*
> *Additionally, they have nightmares, anxiety, adjustment problems*
> *in life, suicidal tendency, and lack of patience.*
> *They witnessed the gross negligence regarding the medical needs of*
> *their cell mate, Ray Staten, by employees of the Harrison County Adult*
> *Detention facility, including deputies and nurses whose names are*
> *unknown at this time."* ( See copy attached hereto Exhibit 20).

69. **June 16, 2014,  Plaintiff , Ursula C. Staten  made the first of many payments**

to **Attorney Lisa Ross's  Office Staff , ( who was reluctantly being forced and directed to carry**

**out the tasks  of defrauding and sabotaging Plaintiff) by Attorney Lisa Ross.**

70.   Attorney Lisa Ross's  Office Staff agreed (not maliciously, but from compassion humanity and integrity ),  to inform and assist Plaintiff with the  receipt of documents, evidence and information of the fraud, conspiracy, conflict of interest, intentional misrepresentation, double-dealing  between  Attorney Lisa Ross  and the other Defendants with  her (Attorney Lisa Ross)  self-serving agenda in direct conflict of and damaging to the best interest of Plaintiff, the Estate and  the wrongful death of  Ray Charles Staten Sr. (See copy text messages attached hereto Exhibit 21) .

71.   September 16, 2014,  Upon payments made to Attorney Lisa Ross's  Office Staff, Plaintiff was provided with documents and information regarding  the August 28, 2014, FYI: *Opinion and  Order Granting a Motion for Summary Judgment Premised on Immunity* and  September 12, 2014 an Order granting Motion for Summary Judgment entered due to the intentional negligence of Attorney  Lisa Ross's failure to respond. ( See copy attached hereto Exhibit 22).

72.   September 16, 2014 , Without revealing her source, Plaintiff contacted  Attorney Lisa Ross regarding information on  the Rulings and her failure to disclose  the information to Plaintiff , or the failure to properly respond to the Motions or produce any arguments in support of the Claims, resulting in the Judgments and Dismissals. ( See copy attached hereto Exhibit 23).

73.   Attorney Lisa Ross refused to communicate and failed to respond to Plaintiff regarding the inquiries on the Rulings and was  negligent  and violated the duty owed to Plaintiff to exercise the ordinary care and diligence exercised by other attorneys practicing  law in the same or similar circumstances.

74. Attorney Lisa Ross engaged in unlawful conduct and violations against Plaintiff as she defrauded and misrepresented to conceal her secret self-serving agenda of a conspiracy to work as a double-agent to defraud and sabotage the "wrongful death action" of Ray Charles Staten Sr. to advance her) future interests and gains at the expense of the Estate of Ray Charles Staten Sr.

## COUNT II
## (FRAUD, NEGLIGENT MISREPRESENTATION,)

### A. Attorney Lisa Ross Hid Her Conflict-Of-Interest Relationships To Conceal Her Mission To Work As A Double-Agent with Health Assurance/Carl Reddix

75. Plaintiff restates and re-alleges all prior paragraphs of this Complaint and incorporate the same as if fully set forth herein.

76. September 22, 2014 Attorney Lisa Ross never mentioned or responded to Plaintiff regarding the Rulings . This non-communication resulted in Plaintiff contacting Attorney Lisa Ross 's Office staff pleading for assistance. ( See copy attached hereto Exhibit 24).

77. September 25, 2014 5:23 PM, Plaintiff received an email indirectly from Attorney Lisa Ross by her Office staff coincidentally stating:

> "*Attorney Ross asked me to send this email to you because Bob Peterson, Attorney for Health Assurance, called today. He says his client is interested in exploring the possibility of settlement before all parties incur cost and expenses in litigating this matter.*
> *Attorney Ross has already obtain two experts and have paid over $5000.*
>
> *She thinks it's worth exploring settling this matter.*
> *"She said you all can at least see where they are as to settlement however you are under no obligation. ( See copy attached hereto Exhibit 25).*

78. **September 30, 2014,** Attorney Lisa Ross failed to  mentioned or respond to Plaintiff regarding the settlement of Health Assurance .

This non-communication resulted in Plaintiff contacting Attorney Lisa Ross 's Office Staff pleading for assistance.( **See copy  text messages attached hereto Exhibit 26).**

79. **October 6, 2014, Plaintiff  submitted a formal written Settlement Demand, which was estimated and determined based upon the extremely similar case** (Jessie Williams July, 2, 2007) in the same Venue with the same  Defendants. ( **See copy attached hereto Exhibit 27).**

80. **October 6, 2014,  Attorney Lisa Ross's fraudulent intentions and conflict surfaced  as Attorney Lisa Ross became extremely upset with Plaintiff regarding the amount Plaintiff  requested from Health Assurance LLC/Carl Reddix  in the  Demand and negligently refused to communicate or respond to Plaintiff,** as if she (Attorney Lisa Ross) were negotiating **on her own behalf.**

81. Plaintiff sent Attorney Lisa Ross an article  of an ongoing wrongful death Case also very similar involving the Jackson County jail, with the family asking for exceeding much greater amount than Plaintiff requested.( **See copy attached hereto Exhibit 28).**

82. **October 9, 2014, Attorney** Lisa Ross refused to submit Plaintiff's Demand and **threatened to withdraw as counsel if Plaintiff didn't** "*lower the amount and be able to settle for a lot less.*" Attorney Lisa Ross wrote: ...

> "*I have not responded because I do not feel,*
>  *it was not a reasonable Settlement demand.*"
> ....*If it is your belief that Mr. Staten should receive $3 million*
>  *to resolve this Case, it may be better for you to seek  new counsel.*"
>  (**See copy attached Exhibit 29).**

**Page 23**

83.    **October 10, 2014 ,** Attorney Lisa Ross refused to abide by Plaintiff's decision

and request to submit the settlement demand to Health Assurance LLC , instead,

Attorney  Lisa Ross  began advising  and insisting Plaintiff explore mediation without a

making a demand. Attorney  Lisa Ross wrote:

> .......... *The jurisdiction that this matter is pending isn't known for high*
> *non-economic damages.*
> *"Instead of making a demand I think we should explore mediation*
> *if we can get them to pay the mediator.*
> *With a mediator, you and the heirs will get another prospective*
> *a set of eyes and you can make an informed decision from there."*
> **(See copy attached hereto Exhibit 30)**

84.    Despite Plaintiff's numerous verbal and written requests over a month,

Attorney Lisa Ross  refused  to submit the Settlement demand to Health Assurance LLC

or discuss  any settlement with Plaintiff, instead continuously demanding a surmountable

amount of frivolous tasks to be done by Plaintiff before she would  agree to submit the demand.

85.    **October 14, 2014** Plaintiff forwarded an email informing Attorney Lisa Ross

they would cut the demand in half to $1. 5 million for the Heirs of Ray Charles Staten Sr.

86.    This e-mail confirmed that **Attorney Lisa Ross** was indeed refusing to

respond to Plaintiff or submit the demand as requested unless Plaintiff adhered to her

terms and **lowered the amount. October 15, 2014** Attorney Lisa Ross **finally** responded to

the numerous request from Plaintiff with,  *"I will do this", adding, "Have you started*

*preparing discovery responses? Will you e-mail Mr. Staten's tax returns.* **(See copy**

**attached hereto Exhibit 31)**

87. **By October 21, 2014 ,** Even after Plaintiff completed the discovery

material and the tax information demanded by Attorney Lisa Ross ( mandatory  before

she would send the demand letter, Attorney Lisa Ross still refused to submit the demand

stating she needed more supporting information. **(See copies attached hereto Exhibit 32)**

      **88.  October 29, 2014 ,** Plaintiff forwarded another one of  the many written requests

pleading to Attorney Lisa Ross to submit Plaintiff's  Settlement Demand  to Attorney  Robert

Pederson on behalf of Health Assurance.

      **89.**   Plaintiff confronted Attorney  Lisa Ross's  *stalling*  actions,  questioning her

motives.  Plaintiffs asked, Attorney Lisa Ross,  " *Why are we "the victims" being  put on*

*trial with HER before she will submit the Demand as Plaintiff requested of her?*

      **90.  October 29, 2014, 3:21 a.m.,** Attorney Lisa Ross presented email, stating:

> *"If you would provide the information, I can write the letter.*
> *If you want me to submit the letter without documentation,*
> *I can do that to satisfy you."* **(See copies attached hereto Exhibit 33)**

      **91.  November 4 ,2014,** Plaintiff forwarded emails  to Attorney Lisa Ross

stating  her displeasure with  Attorney Lisa Ross services, controversies  and progress

after four (4)  years with a desire to terminate and transition her services.

      **92.  November 6 ,2014,**  Plaintiff submitted a *final request*  pleading to Attorney Lisa

Ross to submit the Settlement Demand response to Attorney  Robert Pederson on behalf of Health

Assurance. Plaintiff attached Ray Charles Staten Sr.'s work verification letter from the Company

he worked for over 20 years to his death. **(See copies  attached hereto Exhibit 34.)**

      **93. November 6, 2014,** Plaintiff informed Attorney Lisa Ross that she consulted

with other  Counsel (Attorney Michael Crosby), for assistance/representation  on her

behalf in the wrongful death of Ray Charles Staten Sr., since Attorney Michael Crosby

**Page 25**

also had a Complaint (bystanders case) pending at that time against the same

Defendants on behalf of the two (2) cellmates (Christopher Housley and Alonzo Reaves)

eye witnesses to the **death of Ray Charles Staten Sr. in the Harrison County Detention**

**Center** , therefore Attorney Michael Crosby **was very familiar** with the wrongful death.

## COUNT III
## CIVIL CONSPIRACY , FRAUD, INTENTIONAL NEGLIGENT MISREPRESENTATION

### B. Intentional Infliction of Emotional Distress

**94.**     Plaintiff re state and re-allege all prior paragraphs of this Complaint

and incorporate the same as if fully set forth herein.

**95.**     November 7, 2014, 4:29 a.m., Attorney Lisa Ross responded stating,
   *"This weekend I will complete the letter.*
   *"If you decide to go in another direction,*
   *there is nothing I can do to stop you.*
   *I have stood with you in some difficult*
   *moments and went out of my way to help you.*
   *I will get the letter to you for your review this weekend.*
   *"Do you have a picture of Mr. Staten with his children?"*
   (See copy attached hereto Exhibit 35 ).

**96.**    November 9, 2014, Plaintiff responded to Attorney Lisa Ross e-mail

in disagreement with Attorney Lisa Ross's statement that *"she stood by Plaintiff."*

**97.**    Plaintiff informed Attorney Lisa Ross that **she was not in agreement with**

**decreasing the demand amount,** and upon advisement, would not be lessening the

demand amount as **Attorney Lisa Ross demanded.** Plaintiff also attached the additional

pictures and documents as demanded by Attorney Lisa Ross. (See copy **attached hereto**

**Exhibit 36 ).**

98.   November 10, 2014, Attorney Lisa Ross did not send the **Settlement demand letter** as promised, Attorney Lisa Ross sent a link to an **article** about a $1 Million non-economic damages cap, stating :...*"so that you will know that I am not trying to downplay the worth of the case."* (**See copy attached hereto Exhibit 37**).

99.   November 12, 2014 4:57 PM Attorney Lisa Ross forwarded a copy of the Settlement Demand letter sent to Robert Pederson dated **November 10, 2014.**

100.   Plaintiff discovered from the email attached to the Demand letter an email dated **October 22, 2014** which revealed that Attorney Robert Pederson for Health Assurance contacted Attorney Lisa Ross regarding the Settlement demand Attorney Lisa Ross refused to submit. (**See copy attached hereto Exhibit 38**).

101.   Attorney Lisa Ross was negligent and guilty of fraud in making misrepresentations that she knew was false with the intent that Plaintiff act on it.

102.   Attorney Lisa Ross was negligent and guilty of fraud for failing to disclose and concealing facts she knew Plaintiffs were unaware of and induced Plaintiff into taking action by concealing the facts causing severe emotional distress.

103.   November 12, 2014, **Upon payments to Attorney Lisa Ross's Office Staff**, Plaintiff was provided with documents and information regarding the **conspiracy and fraud** of the Defendants taking place, being concealed from Plaintiff by **Attorney Lisa Ross**, as in **letter dated November 11, 2014** from Bob Pederson (Health Assurance) to Tim Holleman (Harrison County) carbon copied all other Defendants including Attorney Lisa Ross regarding subpoenas and depositions already in place moving forward towards litigation contrary to **Settlement** as advised to Plaintiff by Attorney Lisa Ross (**See copy attached hereto Exhibit 39**).

104.     November 13, 2014, Upon Plaintiff being informed of the conspiracy and
schemes taking place by Defendants against Plaintiff,  Plaintiff was put  in a defenseless
position **inflicting emotional distress on the Plaintiff  having  to endure the
egregious actions of the Defendants. (See copy  text messages  attached hereto
Exhibit 40)**

105.     November 20, 2014, Attorney Lisa Ross finally directed Office Staff to
forward the **letter dated November 11, 2014** ,of  Robert  Pederson (Health Assurance)
submitted to Tim Holleman (Harrison County) to Plaintiff regarding  subpoena's and
depositions in place  that Plaintiff was already made aware of,  courtesy of Attorney Lisa
Ross 's Office Staff.

106.     Attorney Lisa Ross **also directed Office Staff to  inform  Plaintiff that**
Attorney  Robert  Pederson has communicated Plaintiff's demand to **his client (Health
Assurance/Carl Reddix) and it is still being negotiated."** Attorney Lisa Ross will let
Plaintiff know as soon as she receives a response". **(See copy attached hereto Exhibit 41).**

107.     November 24, 25, 2014, Attorney Lisa Ross failed to contact or  discuss  with
Plaintiff whether the unilaterally scheduled Depositions were agreeable or conducive with
Plaintiffs.  Plaintiff informed Attorney Lisa Ross that the
unilaterally set depositions **were not** conducive with their schedules and if Plaintiffs
would have been afforded the  courtesy of  discussion regarding depositions or the
arrangement thereof, the mis-scheduling could have been avoided. **(See copy attached
hereto Exhibit 42).**

08.   **November 26, 2014,** Attorney Lisa Ross forwarded an **FYI** email to Plaintiff of correspondence from Attorney Bob Pederson stating :

> *"My client (Health Assurance), will respond to your clients*
> *Settlement demand after my client's insurer receives my report*
> *about the depositions.*
> *If we finish all the depositions on December 9th,*
> *I will try to complete my report by December 12th.*
> **(See copy attached hereto Exhibit 43).**

109.   Attorney Lisa Ross informed Plaintiffs that the "opposing Attorneys," stated after the depositions are done, they will definitely settle the case.

110.   Accordingly, **December 4, 2014,** Plaintiff contacted Attorney Lisa Ross's Office staff via text of her **major concerns** of the actions/inactions of Attorney Lisa Ross regarding refusal of communication before depositions. **(See copy of text message attached hereto Exhibit 44).**

## COUNT IV
## FRAUD/CONSPIRACY TO COMMIT FRAUD
## NEGLIGENT MISREPRESENTATION

111.   Plaintiff restate and re-allege all prior paragraphs of this Complaint and incorporate the same as if fully set forth herein.

112.   **December 9, 2014,** Attorney Lisa Ross failed to confer with Plaintiffs as promised before the depositions which were exceedingly traumatic for Plaintiffs, victimizing the victims causing unwarranted anxiety and extreme emotional distress.

113.   **December 16, 2014,** Attorney Lisa Ross's Office staff provided Plaintiff with a copy of an email and attachment from Attorney Jason Dare (City of D'Iberville) sent to Attorney Lisa Ross for her permission to authorize him to affix her electronic signature to *Agree To A Dismissal With Prejudice* of the City of D'Iberville.

**114.  This  document attached to the email was a replica  of the fraudulent document Defendants ultimately used to fraudulently dismiss themselves and the Complaint without Plaintiff 's knowledge and/or consent. (See copy of Dismissal attached hereto Exhibit 45).**

**115.    December 17, 2014, Attorney  Lisa Ross's Office  staff  provided Plaintiff with  information  of  Attorney Lisa Ross's  direction to set up an undisclosed Meeting at her office with Attorneys Robert Pederson and Walter Johnson  for December 19, 2014 at 10:00 A.M.  regarding Health Assurance/Carl Reddix  and  settlement discussions. (See copy of text messages  attached  hereto Exhibit 46).**

**116.    December 19, 2014,  Plaintiff  was  provided with details of the fraud and civil conspiracy** of the collusive undisclosed Meeting of  Attorney Lisa Ross, Attorneys  Robert Pederson and Walter Johnson conspiring on *how to  make  the wrongful death case of Ray Charles Staten Sr. disappear as soon as possible.*

> Attorney Lisa Ross's office staff  states via text:
> *Office staff: Meeting over....they will send her a letter today...*
> *Plaintiff:       OK what figure???*
> *Office staff: Of course she's not telling me.*
> *I sort of heard 200,000 at one point...     but  I don't know.*
> *Whatever it is she has to get with u all.*
> (See copy of text  messages  attached  hereto Exhibit 47).

**117.    December 19, 2014,  Attorneys Lisa Ross,   Robert Pederson and Walter Johnson are guilty of fraud and civil conspiracy, (a) undisclosed  Meeting of settlement discussions,(b)Negotiations plans and agreements were made (c) plans of bogus letters of**

misrepresentation to be sent to Plaintiff, in order for Plaintiff to act on the false

information (d) Defendants\Attorneys actions resulted in damages to Plaintiff.

    **118.   December 19, 2014,** Attorney Lisa Ross never contacted Plaintiff before,

during or after the collusive undisclosed Meeting with Attorneys Robert Pederson and

Walter Johnson or the request for the *Agreed Order Of Dismissal With Prejudice* of

Attorney Jason Dare/ City of D'Iberville. This information was provided to Plaintiff

by Attorney Lisa Ross 's Office staff against permission from Attorney Lisa Ross.

(See copy of text messages attached hereto Exhibit 48).

    **C.   Attorney Lisa Ross Was In Violation Legally And Ethically Of Conflict Of
Interest, Engaging In Dual Legal Representation Entailing Professional Decisions On
Her Part Which Stood To Benefit One Client At The Expense Of Other.**

    **119.   December 29, 2014,** Attorney Lisa Ross's Office Staff provided Plaintiff

with a copy of an email Attorney Lisa Ross sent to Attorney Walter Johnson (Health

Assurance) **December 29, 2014, at 9:16 A.M.** prior to Attorney Walter Johnson sending

the offer on **December 29, 2014 at 11:31 A.M.,** in confirmation of the discussions in the

Meeting and collusion of Defendants to maliciously and deliberately defraud and deceive

Plaintiff. Attorney Lisa Ross stated:

> *"Walter I am still awaiting the letter that we talked about last week
> if we are going to settle this case I would like to try to get it done or
> at least determined that the case is not going to be resolved through
> settlement."* (See copy attached hereto Exhibit 49).

    **120.   December 30, 2014,** Attorney Lisa Ross presented an email to Plaintiff

with a staged, bogus, ridiculously insulting copy of correspondence from Attorney

Walter Johnson (Health Assurance). *"The offer"* sent by Attorney Walter Johnson to

Attorney Lisa Ross was the result of an agreement made during *the Meeting* **(conspiracy)** and was orchestrated under the direction of Attorney Lisa Ross to misrepresent, deceive and defraud Plaintiffs. Attorney Lisa Ross stated:

> Ms. Staten,
> *"Please see the offer that Health Assurance has made*
> *on behalf of all the defendants.*
> *I would like to speak to each of the heirs about this offer*
> *so we can decide what steps we need to take.*
>
> *Please forward this to each of the heirs and call me*
> *so we can set up a time to discuss this matter."*
> (See copy attached hereto Exhibit 50).

121.    **January 5, 2015,** Plaintiff responded with rejection and insult to the bogus, fraudulent offer sent by Attorney Walter Johnson for **Health Assurance LLC,** at the direction of Attorney Lisa Ross specifically to defraud and misrepresent to Plaintiff.

122.    Plaintiff informed Attorney Lisa Ross **it was no longer their desire to settle with Health Assurance LLC** and requested Attorney Lisa Ross to proceed to trial and bring the case before a Jury for justice in the wrongful death of Ray Charles Staten Sr. **(See copies attached hereto Exhibit 51).**

123.    **January 5, 2015,** Attorney Lisa Ross responded to Plaintiffs, in *defense of Health Assurance LLC,* making personal attacks on the **victims,** misrepresented her incurred costs and expenses, from $5000 to $10,000, pressing for Plaintiffs to attend a Settlement Conference for Mediation. **(See copies attached hereto Exhibit 52).**

124.    **January 22, 2015, Attorney Lisa Ross's Office staff** provided Plaintiff a copy of a Demand letter Attorney Lisa Ross allegedly submitted to Attorney Robert Peterson for Health Assurance LLC. The letter completely **contradicted** and was **inconsistent** to prior statements advised by Attorney Lisa Ross and was created to deceive Plaintiffs. **(See copy attached hereto Exhibit 53).**

125.   **January 23, 2015,** Attorney Lisa Ross sent an email to Plaintiff completely contradictory to the demand letter and statements made just one day prior. In this e-mail Attorney Lisa Ross now states Attorney Walter Johnson submission of an offer of $50,000.00 to settle, now states he has $500,000.00 in authority but only want to make the offer before a Magistrate Judge.

126.   Attorneys Lisa Ross and Walter Johnson in a joint effort conspired in collusion to intentionally deceive, coerce and bribe Plaintiffs into attending the Settlement conference . Attorney Lisa Ross fraudulent deceptiveness of the recent letters were **confirmed** in the e-mail stating::

> *"A settlement conference maybe held be on March 6.*
> *Please let your children know so they can make*
> *arrangements to be there....*
>
> *On a side note, I spoke to Walter Johnson yesterday and*
> *he told me that he is going to settle this case.*
> *Walter Johnson the attorney for Health Assurance*
> *says he has $500,000 in authority but he can't pay all of that.*
> *He says he is prepared to pay a lot of money.*
> *The question is what a lot of money to Walter Johnson is.*
>
> *I demanded 1.4 million as instructed by you.*
> *He doesn't want to make the counter offer until we are before*
> *the magistrate Judge. Please confirm receipt of this e mail.*
> *(See copy attached hereto Exhibit 54).*

127.   **January 26, 2015,** Plaintiff informed Attorney Lisa Ross of their desire not to participate in a settlement conference and formally requested Attorney Lisa Ross to cancel the Settlement Conference, Plaintiff stated:

> *"Who is this settlement regarding?? i.e. ,*
> *who exactly is to be released???*
> *What is the status on the Defendants (City of D'ville,*
> *Harrison Co., Brisolara, Kenissia Clark etc..??*
> *What is the plan of action overall, where are we going with this???*

*We are not comfortable going in front of the Judge right now going
in with the heads up that we know it WILL be less than $500,000.00
for sure according to the e-mail ... the fear of the unknown,
anticipating a surprise figure (amount) in front of the Judge
who has no facts surrounding the case..*

*"It seems like the case has gotten off track
of what happened to Mr. Ray Staten Sr.,
how it happened and the tragic inhumane way he suffered
and died at the hands of these Defendants.*

*.....In spite of how it may seem, or anyone thinks
it is more important to us that the realization of the poor
and injustice service from these Defendants be addressed and
remedied and not swept under the rug with a few thousand dollars
that the beneficiaries will end up with at this point"....*
(See copy attached hereto Exhibit 55).

### D. Negligent Misrepresentation, Fraud/Conspiracy To Commit Fraud, Intentional Negligent Breach Of Fiduciary Duty, Conflict of Interest

128. **January 27, 2015,** Attorney Lisa Ross completely ignored Plaintiff's

questions and concerns, regarding the upcoming Settlement conference and Plaintiffs'

decision of Attorney Michael Crosby to accompany Plaintiff at the conference.

129. Attorney Lisa Ross refused to communicate with Plaintiff or Attorney

Michael Crosby, nor relinquish her duties of the case, instead, taking complete control

of the case, thanking Plaintiff for working *with her* on the matter as if it were *her own.*

**(See copy attached hereto Exhibit 56).**

130. **January 27, 2015.** Attorney Lisa Ross responded in **defense of Health**

**Assurance/Carl Reddix** coaxing, manipulating, demanding Plaintiffs attend the

Settlement conference stating:

Page 34

*"Health Assurance is interested in the settlement.
They employed Kenissa Clark  and will be  liable
for a judgment against her.*

*Also, Health Assurance has an agreement to indemnify
the Sheriff's Department and its employees,
which means they will pay any  judgment rendered
against the Sheriff's Department and its employees.*

*I told you what Walter said because I want to be transparent.*

*As far as mediating before the magistrate,*

*it is just mediation.  It is not binding on either side and*

*No one is required to reach an agreement.
The magistrate judge will not be presiding over
the trial of this matter".*  (See copy attached  hereto Exhibit 57).

**131.**    February 11, 2015,  Attorney Lisa Ross  deliberately ignored Plaintiff's

requests, instructions and the  many attempts to reach her for several weeks regarding the

upcoming  Settlement conference and Plaintiffs' decision of Attorney Michael Crosby  to

accompany Plaintiff at the Settlement conference.

**132.**    Plaintiff consulted  and informed  Attorney Michael Crosby  of Attorney Lisa

Ross's misconduct and information received regarding the conflict of interest, conspiracy

misrepresentations, control and direction of the case.(See copies attached hereto Exhibit 58).

**133.**    February 23, 2015,  Attorney Lisa Ross  acknowledged Plaintiff's request

regarding Attorney Michael Crosby with  email stating "she attempted to contact

Attorney Michael Crosby's office and was unable to reach him". Plaintiff also requested

Attorney Lisa Ross's  Office Staff to  acknowledge and confirm when Attorney Michael

Crosby called. (See copies  attached hereto Exhibit 59).

**134.**    February 26,  2015,  Plaintiff was adamant about cancelling the Settlement

Conference, terminating Attorney Lisa Ross  and  obtaining Attorney Michael Crosby to

take over the case as expressed in her e-mail to Beneficiaries. (See copies attached hereto

Exhibit 60).

**Page 35**

135.   **February 27, 2015**   Attorney Lisa Ross forwarded  Plaintiff copies of

Jackson, MS newspaper articles dated **February 27, 2015 (a day following the suicide**

**death of William Martin, Harrison County Supervisor indicted for taking bribes**

**related to Health Assurance/Carl Reddix)**, informing Plaintiff the news articles contained

the blueprint of the information she planned to use/submit in the required Memorandum

to the Magistrate before Settlement Hearing.

136.   The newspaper article's heading read *"Harrison payments to Health*

*Assurance match dates cited in Martin indictment. Coincidence?"* The second article

heading: *"Miss. Official who killed self was target in prison case"*. **(See copies attached**

**hereto Exhibit 61).**

137.   Attorney Lisa Ross was privy to information regarding the nexus between

the wrongful death of Ray Charles Staten Sr. and  the criminal involvement/prison

scandal of  **Harrison County and Health Assurance/ Carl Reddix)**, but kept this

information  concealed and did not disclose to Plaintiff  but used the civil lawsuit for the

wrongful death of Ray Charles Staten Sr. for leverage to accommodate her future  self-

serving plans of  representation of **Health Assurance/Carl Reddix** in the criminal case.

138.   Attorney Lisa Ross  informed Plaintiffs " *it  was because of the bribery scheme*

*and the ongoing  criminal investigation is the reason  Health Assurance was interested in*

*the  settlement"*.

139.   **March 2, 2015 8:53 a. m** . Three (3) days before the scheduled Settlement

Conference Attorney Lisa Ross sent an email to Plaintiff with an attachment draft of the

Memorandum she planned to send to the  Magistrate Judge as requested by the Court.

Attorney Lisa Ross stated in the Memorandum:

> *"In 2006, the video tape and the federal criminal prosecutions were albatrosses around the defendant's necks.*
>
> *" <u>In 2015, the lynchpin in this wrongful death action is the relationship between the federal prosecution of William Martin, a Harrison county Supervisor, on charges of bribery and obstruction of justice."</u>*

> *"Martin indictment charges " that from on or about January 2005 through on an about August 2012...Martin did corruptly solicit, demand, except and agree except multiple thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transaction of Harrison County, Mississippi, involving a thing of value of $5000 or more."*

> *In 2004, Harrison County began contracting with Health Assurance LLC to provide medical care for inmate house at the detention center. Health Assurance, LLC was responsible for providing medical care to Staten from April 30 through May 10, 2011.*

> *In July 2012, 14 months after Staten's death and one month after Martin accepted his last kick back, Harrison County terminated its contract with Health Assurance".* **(See copies attached hereto Exhibit 62)**

140.    **March 2, 2015, , 2:03 PM,** Upon receipt of the draft Memorandum Attorney Lisa Ross planned to send to the Magistrate Judge, before the Settlement Conference, Plaintiff immediately informed Attorney Lisa Ross she was strongly opposed to her *connecting* Ray Charles Staten Sr.'s wrongful death at the Harrison County Adult Detention Center with the ongoing *prison scandal/indictments* and the recent suicide death of Harrison County Supervisor William Martin upon being indicted on bribes related to Health Assurance.

141.   Upon advisement of several reputable opinions including her own Plaintiff once again requested Attorney Lisa Ross cancel the Settlement Conference and forward receipt of confirmation once sent. (See copies attached hereto Exhibit 63)

**Page 37**

142.   Attorney Lisa Ross refused to abide by the Plaintiff's instructions to cancel the

Settlement Hearing, instead continued aggressively, persistently, maliciously misleading,

manipulating, coaxing, desperately to lure Plaintiffs to the Hearing, which was

deliberately and intentionally set up for conspiracy, collusion and personal gains

of the Defendants once Plaintiffs were present at the Hearing.

143.   **March 2, 2015, , 2:49 PM,** Attorney Lisa Ross quickly responded to Plaintiff
stating:

> *"Call me. We can make any changes you want."*
> *"We can make any changes necessary to this letter."*
> *"This letter will be sent by email and the judge will have ample
>    time to resolve this matter."*
> *"I can take the amount out of 1.4 million and put in any amount
>    you want to demand." (See copies attached hereto Exhibit 64)*

144.   **March 2, 2015, 3:10 PM,** Approximately 30 minutes later, Attorney Lisa Ross

quickly e-mailed correspondence with **more false promises deception and**

**misrepresentations** to convince Plaintiff to attend the Hearing stating:

> 1) *"I used the $1.4 million figure because that is the amount
>    you authorized me to demand from Kenissa Clark and Health Assurance."*
> 2) *Health Assurance is responsible for paying $1 million of any verdict
>    against the County and the Sheriff's Department as its Agreement with
>    the County."*
> 3) *I will put in the amount that you want to demand from all the Defendants.*
> 4) *"For now, I have revised the letter to ask for the same amount that was
>    paid in the Williams case. (Jessie Williams)."*
> 5) *"If you want to demand more than that, I will be happy to put that amount
>    in as well."*
> 6) *"I have taken information out related to William Martin, although
>    I think the County and Health Assurance now have a greater incentive to
>    try to resolve this matter."*
> 7) *" I believe that we should go forward with the Mediation as planned
>    as the County and Health Assurance has not stated that they are not
>    available". (See copies attached hereto Exhibit 65)*

145. March 2, 2015, 5:08 P.M. Attorney Lisa Ross informed **Plaintiffs they were** entitled to and should demand and receive the same amount Defendants paid the family in the Settlement for the wrongful death in the previous case (Jessie Williams) , as Ray Charles Staten Sr.'s manner of death was worse because he suffered for days, whereas Jessie Williams suffered for hours. Attorney Lisa Ross informed **Plaintiff** the Magistrate Judge will recommend this to the Defendants at the Settlement Hearing.

146. Attorney Lisa Ross changed the demand amount from $1.4 million to $3.5 million, (completely contradictory and inconsistent with the prior statements of Attorney Lisa Ross, (October 9, 2014) " that Plaintiffs were being unreasonable and should obtain other counsel if Plaintiff didn't agree with her").

147. Attorney Lisa Ross made the changes /statements to maliciously deceive, persuade/trick Plaintiff into attending the Settlement Conference for the purpose of creating the appearance that Plaintiffs were in agreement with the *unconscionable,* conspiracy/schemes planned by Attorney Lisa Ross/Defendants committed against Plaintiff to carry out the conspiracy/schemes planned by Defendants.. (See copies attached hereto Exhibit 66)

<u>COUNT V</u>
FRAUD/ CIVIL CONSPIRACY
NEGLIGENT MISREPRESENTATION

148. Plaintiff restate and re-allege all prior paragraphs of this Complaint and incorporate the same as if fully set forth herein.

149. March 6, 2015, Plaintiff reluctantly attended the Settlement conference with a detrimental reliance on Attorney Lisa Ross legal advisement and assurance :
1)*"As far as mediating before the Magistrate, It is just mediation. 2) It is not binding on either side and no one is required to reach an Agreement.*

Page 39

150 . March 6, 2015  At the  Settlement Conference Plaintiff agreed to settle

with  only one (1) of the eleven (11)  named Defendants in (*Civil Action*

*No. 1:13cv212LG-JMR),*  in regards to the wrongful death of Ray  Charles Staten Sr.

151.   A settlement agreement was reached between Plaintiff and Health Assurance

ONLY. Magistrate Judge Gargiulo stated specifically **several times during the Hearing**

that the settlement agreement was reached between Plaintiff and Health Assurance

*only:*

| | | |
|---|---|---|
| | (1) THE COURT: | *We are on the record, cause number 1:13cv 212 Staten versus City of D'Iberville – of D'Iberville, et al, and the parties have reached an agreement, specifically the Plaintiffs and the Defendant Health Care—excuse me,   Health Assurances.  Is that correct?"* |
| MR. JOHNSON: | | *Yes.* |
| | ( 2) THE COURT: | *And the courts understanding as it pertains to this Defendant, the Defense has offered $ $350,000. Is that correct?* |
| MR. JOHNSON: | | *Yes sir.* |
| THE COURT: | | *And that's been accepted by the Plaintiff?* |
| MS. ROSS: | | *Yes your Honor* |
| THE COURT: | | *All right. And I'm going to ask Ms. Staten, do you accept that amount, and  are you in agreement?* |
| URSULA STATEN: | | *Yes* |
| THE COURT: | | *And how about you, Mr. Ray Staten?* |
| RAY STATEN: | | *Yes, sir* |
| THE COURT: | | *Mr. Torey Staten?* |
| TOREY STATEN: | | *Yes* |
| THE COURT: | | *And ma'am, do you accept as well?* |
| TENISHA STATEN: | | *Yes, I do.* |
| THE COURT: | | *All right. I'm going to also order the transcript be sealed at this time. Now,  there is in agreement by and between the parties as to an offer I guess to defer cost and expenses.  If you could speak to that, defense counsel.* |
| MR. JOHNSON: | | *Yes. In addition to the lump sum payment for settlement, Health Assurance has agreed to cover expenses incurred  by Ms. Ross up to $5000. It will be necessary that Ms Ross send invoices Reflecting  those expenses directly to my office, and that will be paid out of my office.* |

Page 40

| | |
|---|---|
| **THE COURT:** | *And this matter would require a Chancery approval.* |
| | *Is that correct?* |
| **MS. ROSS:** | *Right* |
| **THE COURT:** | *Anything else required on the record at this time* |
| | *on behalf of the Plaintiffs?* |
| **MS. ROSS:** | *No, your Honor* |
| **THE COURT:** | *And how about on behalf of defense?* |
| **MR. JOHNSON:** | *Did we mention the amount of the settlement,* |
| | *your Honor?* |
| **THE COURT:** | *We did.* |
| **MR. JOHNSON:** | *Okay. Then other than that, I think that covers it.* |
| | *We will deliver a full, final and absolute release to* |
| | *Ms. Ross, along with the draft at Chancery approval.* |
| **( 3) THE COURT:** | *All right. As it pertains to this  defendant,* |
| | *do you all understand that this is a full, final and* |
| | *complete settlement?* |
| **(4)** | *And I'm asking each of the Heirs and the Plaintiff as* |
| | *it pertains to Defendant.* |
| | *(Plaintiff and heirs answer in the affirmative.)* |
| **THE COURT:** | *If you don't understand or disagree, just speak up or* |
| | *say so at this time.* |
| | *And  everyone is looking in the affirmative to the  Court.* |
| | *"What the Court is going to do, and we discussed this* |
| | *before we went on record, I'm going to order that* |
| | *Plaintiff's counsel at least docket the Chancery* |
| | *Hearing no later than March 20th and once that's* |
| | *docketed, of course, Defense counsel indicated* |
| | *they were going to work with Plaintiff counsel in the* |
| | *final resolution of the Chancery Hearing.* |
| | *It's going to be the Order of the Court that in lieu of* |
| | *the standard closing order, you're directed to file a* |
| | *Rule 41 Stipulation of Dismissal within one week* |
| | *after the Chancery approval. All right?"* |
| **MR. JOHNSON:** | *All right.* |
| **THE COURT:** | *With that being said, anything else required on the* |
| | *record  on behalf of  Plaintiffs?* |
| **MS. ROSS:** | *No your Honor* |
| **THE COURT:** | *Defense?* |
| **MR. JOHNSON:** | *No, your Honor.* |
| **THE COURT:** | *Okay. That would be the order of the court.* |
| **16:37** | *( OFF-RECORD) (See attached hereto Exhibit 67pages 1-8* |
| | *Transcript of Settlement Conference* |

**Page 41**

## FRAUD ON THE COURT

**152. March 6, 2015, 17:17 p.m.,** Documents and evidence reveals that

**35 minutes after Plaintiffs left the courthouse of the Settlement Conference,**

Attorneys Lisa Ross and Robert Pederson were back to Magistrate Judge

Gargiulo's chambers, maliciously, fraudulently, altering, switching the

terms, persons and Settlement Agreement **(adding Defendant Kenissa Clark)**

without the presence, knowledge or consent of Plaintiffs:

E. **Continuation Of Settlement Hearing Without Plaintiff Present FRCP(3) :**

| | |
|---|---|
| 17:17 pm - THE COURT: | *"We are back on the record. This is a continuation from the earlier settlement proceedings. And it's come to the Courts attention the Defense counsel inadvertently omitted one client Defendant. And is that accurate what the court just relayed, Defense?* |
| MR. PEDERSON: | *" Correct. Not only do Walter and I represent Health Assurance .We also represent Kenissa Clark."* |
| THE COURT: | *"And let the record reflect that <u>Ms Ross is present in chambers at this time.</u> The Court understands that all of the same terms and conditions apply as a previously commemorated to the record. Is that correct, Mr. Pederson?"* |
| (FALSE) MR. PEDERSON: | <u>Correct. Everything that was said in relationship to Health Assurance should also be applicable and is applicable to Kenissa Clark.</u><br><br>THE COURT: *Any objection or any requirement on the record on behalf of the Plaintiff?* |
| (FALSE) MS. ROSS: | *No objections. We agree, Your Honor.* |
| THE COURT: | *Anything further required on the record on behalf of the Defense?* |
| MR. PEDERSON: | *No, your Honor* |

17: 19 pm     THE COURT: *All right. That will be the order of the Court.*
SETTLEMENT CONCLUDED).

Attached hereto Exhibit 67 – page 9 ) of
(SEALED TRANSCRIPT OF SETTLEMENT HEARING)

153.   March 6, 2015,  Plaintiff  were not present and did not  have any knowledge

of the fraudulent continuation of proceeding in the Magistrate chamber by Attorneys

Lisa Ross and Robert Pederson when they engaged in "fraud on the Court" , making

misrepresentations  to the Court they knew to be false, for the Court to act on the

misrepresentation, which **fraudulently altered/changed the settlement agreement**

Plaintiffs made in open court.

154.   March 6, 2015, Documents and evidence have  revealed that

**Defendants/Attorneys Lisa M. Ross, Patrick T. Guild, for Harrison County, MS,**

**Haley Broom for Harrison County Sheriff's Department, Jason E. Dare for**

**City of D'Iberville, <u>in collusion,  conspired  and fraudulently executed, signed</u>**

**<u>and entered with the Clerk of Court  an *Agreed Judgment of Dismissal with*</u>**

**<u>*Prejudice,* on behalf of Plaintiff without the knowledge and consent of Plaintiff</u>.**

(See copies attached hereto Exhibit 68)

155.   **Plaintiff/Ursula C. Staten Administratrix Of The Estate of**

**Ray Charles Staten Sr. had <u>NO  KNOWLEDGE  , NEVER DISCUSSED</u>**

**<u>OR AGREED TO ANYTHING,  EVER</u> with, Defendant/Attorneys Patrick T. Guild,**

**for Harrison County, MS, Haley Broom for Harrison County  Sheriff**

**Department, Jason E. Dare for City of D'Iberville, OR  Defendant/Attorney Lisa Ross**

**signature  <u>*On behalf of Plaintiff*</u> to  execute this *<u>Agreed Judgment of Dismissal with Prejudice,</u>***

**or any of the fraudulent documents submitted to this Court, which were not disclosed to**

**Plaintiff, nor was Plaintiff provided a copy from Defendants.**

**\*NOTE: An Attorney that has signed documents for Client or non-client without ANY**

**knowledge and/or authorization by the Client, the Attorney(s)  has broken the law.**

156.   On March 6, 2015  At no time during the Settlement proceedings <u>with</u> <u>Plaintiffs present</u>  was Any Other Defendant  Mentioned  Or Discussed With Plaintiff while in attendance or before  during or after leaving the Courthouse.

157.   **March 6, 2015,** Documents and evidence of proof reveals the fraudulent documents and information was submitted to the Court and **entered** by the Clerk on  **3/6/205 at 4:43 P.M.** generated by the CM/ECF system with Notices electronically mailed to lross@lmrossatlaw.com,vhowell@lmrossatlaw.com **,** Defendants intentionally concealed did not submit or  attach the fraudulent document,( *Agreed Judgment of Dismissal with Prejudice*) *On behalf of Plaintiff* ,  they each signed.  (See copies attached hereto Exhibit 69)

158.   **March 6, 2015, 4:51** Upon receipt of the information **Attorney Lisa Ross** **Office Staff** (V. Howell) contacted Plaintiff via text stating :  ***"Told u so",*** referring to the advice given to Plaintiff that she should not attend the Settlement Conference  because Defendants  were planning to pressure, intimidate, bully  and/or defraud Plaintiff.   **(See copy text messages attached hereto Exhibit 70).**

159.    Documents and evidence have established that the Settlement Conference ended  at 16:37   ( OFF-RECORD), Plaintiff left the Courthouse.. The fraudulent documents and information was submitted to the Court and **entered** by the Clerk on  3/6/205 at 4:43 P.M. The Minute Entry states Notice of Settlement  Plaintiff and Defendants Health Assurance and Kenissa Clark. The transcript establishes Kenissa Clark was added to the record at 17:17 pm –THE COURT:"*We are back on the record. This is a continuation  from the earlier settlement proceedings.(*Attached copy  Exhibit 67- page 9).

160. Plaintiff's Claims against Kenissa Clark were distinctively separate as stated in a ruling from *this Court* on December 16, 2013. In the Opinion and Order this Court opined in the *Memorandum Opinion And Order Granting In Part And Denying In Part Motion To Dismiss Of Kenissa Clark* . This Court states: ....

> "From Plaintiffs' allegations,
> "The Court finds it plausible that the Plaintiffs
>  will be able to show that Clark's treatment of Staten
>  was grossly negligent. Accordingly, at this early stage in the
>  proceedings the tortuous breach of contract claim
>  survives Clark's dismissal Motion."
> (Attached see copies Exhibit 71)

161. March 12, 2015, Defendants and Defendant/ Attorney Lisa M. Ross, *on behalf of Plaintiff*, deliberately and fraudulently electronically signed and filed the *Agreed Judgment of Dismissal with Prejudice,* with Chief District Judge Louis Guirola Jr., the Judgment was signed and entered by without Plaintiff's knowledge or consent . (See copy attached hereto Exhibit 72).

162. March 17, 2015, Plaintiff sent a $300.00 payment to Attorney Lisa Ross Office Staff and was provided a copy of the fraudulent documents and evidence regarding the fraudulent misconduct of Defendants including a copy the settlement check dated March 18, 2015, made payable to Ursula Staten, as Administratrix of Est. of Ray Charles Staten Sr., deceased & her Attorney, Lisa M. Ross, Esq. in the amount of three hundred and fifty thousand dollars,($350,000.00), for full and final settlement. (See copy attached hereto Exhibit 73).

163. The check was issued *before the* Chancery Court Hearing or approval and made no reference to Kenissa Clark. Attorney Lisa Ross had not personally nor directed

to be disclosed or provided to Plaintiff , any information or documents regarding the

voluntary dismissals or the addition of Kenissa Clark to the settlement agreement.

(See copy attached hereto Exhibit 74).

164. March 31, 2015 **Attorney Lisa Ross Office Staff** informed Plaintiffs via text

message that Attorney Lisa Ross directed to her :
   *" Plaintiff don't have to sign the paperwork",*
   *if Plaintiff didn't sign the papers she (Defendant Lisa Ross), would".*
   (See copy attached hereto Exhibit 75).

**F. Embezzlement /Misappropriated Funds**

165. **March 31, 2015,** Plaintiff was provided by **Attorney Lisa Ross Office Staff,**

a copy of a check dated **March 31, 2015** made payable to **Lisa M. Ross** in the amount of

four thousand and eighty dollars ($4580.00). The check was paid by Attorney Robert

Pederson on behalf of **Health Assurance,/Carl Reddix** through  the Claim of  Estate  of

Ray Charles Staten Sr. For : *Reimbursement/Discovery Expenses* .(See copy  attached

hereto Exhibit 76)

166.      April 1, 2015, 2:54 PM Attorney Lisa Ross Staff was directed to send via

e-mail, a *"Petition ByAdministratrix For Approval To Settle Doubtful Claim On Behalf*

*Of The Estate ,*and the *"Decree Authorizing Administratrix To Settle Doubtful Claim On*

*Behalf Of the Estate",* for  (Plaintiff/ Administratrix ) to sign and notarize before the

Hearing set for the following morning in Chancery Court April 2, 2015 at 9:00 A.M.,

     The Petition was false,  inaccurate and contradicted everything previously advised

and agreed upon and was unacceptable. .(See copy  attached hereto Exhibit 77).

167.   April 1, 2015, 3:24 Plaintiff/Administratrix  contacted Attorney Lisa Ross

without revealing that she had information regarding Attorney Lisa Ross's intentions of

signing more documents on behalf of Plaintiff without her knowledge or consent,

Plaintiff forwarded an e-mail stating:

> *"Ms Ross, I noticed that you have excluded my probate claim*
> *on the Petition and have included ones that we were not to pay.*
> *I will not be signing or agreeing to this as it stands.*
> *Please make the necessary changes on the document as agreed*
> *and if we are signing off on any Petitions, Disbursement, or closing of*
> *the Estate we expect that you will be bringing the draft/ payments*
> *referenced with the date to be disbursed.*
> *Also, I would like to express that I would like to PERSONALLY*
> *sign any document that has my name on it.*
> *I am not giving anyone permission to sign for me."*
> (See copy attached hereto Exhibit 78).

168. April 2 2015. Attorneys Lisa Ross and Robert Pederson deliberately

conspired and created a sealed Court Record with false, fraudulent, malicious,

misleading testimony and documents with Plaintiff during the Chancery Court Hearing.

169.   The Chancellor stated under Rule 4, "the entire Hearing process would

be invalid, unless the Waivers and Joinders Beneficiaries were forced to sign before

the Hearing, were redone and executed on April 3, 2015 after the (fictitious non-

existing) *"Petition By Administratrix For Approval To Settle Doubtful Claim On Behalf*

*Of Estate*, Attorney Lisa Ross perjured and misrepresented to the Court she had in

her possession at the Hearing. (See attached pages 2-4 of Transcript of Chancery Court

Hearing on April 2, 2015 Exhibit 79)

170.   Attorney Lisa Ross did not have a *"Petition By Administratrix For*

*Approval To Settle Doubtful Claim On Behalf Of Estate,* in her possession at the

Chancery Court Hearing on April 2, 2015 as she fraudulently misrepresented to the

Court because Plaintiff purposely did not sign or submit the document , in an

unsuccessful attempt to prevent Attorney Lisa Ross from closing the Estate and the

Case (Civil Action No. 1: 13-cv-212-LG-JCG,).

171.    The *"Petition By Administratrix For Approval To Settle Doubtful Claim On Behalf Of Estate"* was never agreed upon, signed and was not filed on April 15,2015 by Plaintiff who did not agree, purposely did not sign or submit and <u>does not exist,</u> therefore the Waiver's and Joinders are irrelevant and invalid. (Attached see copy of Civil Docket Report for Chancery Court attached Exhibit 80)

172.   April 3, 2015 11:31 AM, Attorney Lisa Ross Office Staff, informed Plaintiff, Attorney Lisa Ross was desperate to obtain the crucial, critical documents and signatures from Plaintiffs as directed by the Court to obtain the needed **Approval** as required for District Court to close Case **(Civil Action No. 1: 13-cv-212-LG-JCG).** (See copy attached hereto Exhibit 81).

173. April 15, 2015 3:57 PM, Plaintiff contacted **Attorney Lisa Ross Office Staff** via text informing that she would contact the judge personally if Plaintiffs didn't hear or receive anything from **Attorney** Lisa Ross by the next day:

> *Plaintiff: " Hey Girl howz it goin?? U mean nothing still???*
> *Plaintiff: "Girl this is a bunch of bull, I am gonna contact the Judge personally if we don't have anything 2moro!!!*
> *Office Staff: " Good...it's some bullshit."*
> (See copy attached hereto Exhibit 82).

174.   April 21, 2015, Based on the (unknowingly) fraudulent, misleading and deceptive documents Attorney Lisa Ross willfully and negligently directed to be submitted to Chancery Court on **April 15, 2015**, the Judge Jim Persons signed and entered the *"Decree Authorizing Administratrix To Disburse Funds, Pay Claims, Close Estate, And Discharge Administratrix"*, and the Estate was, officially closed/terminated fraudulently by Attorney Lisa Ross without Plaintiff's knowledge or consent. (See copy attached hereto Exhibit 83).

175. **April 22, 2015,** Plaintiff received via Fed Ex overnight, checks dated **April 21, 2015** under the direction of Attorney Lisa Ross maliciously, deliberately, negligently sent checks without any indication of what the payments represent, *purposely leaving the Memo of the checks blank,* fraudulently misrepresenting to Plaintiffs the checks were partial payments. (See copy attached hereto Exhibit 84).

176.    Attorney Lisa Ross failed and refused to make any payments for the Estate submitted to her by Plaintiff i.e. medical expenses, funeral expenses, income taxes submitted by Plaintiff.

177.    **April 21, 2015** Attorney Lisa Ross forwarded a Disbursement sheet which misrepresented itemization of monies, disbursements that were bogus, inaccurate, and did not reflect the true representation of facts. **(See copy attached hereto Exhibit 85).**

G. Fraud on the Court, Conspiracy, Fraud, Fraudulent Misrepresentation

178.    **April 23, 2015 Attorneys Lisa Ross and Robert Pederson deliberately fraudulently, criminally electronically filed *on behalf of Plaintiff* the *Rule 41 Stipulation Of Dismissal* in U. S. District Court, under false pretenses, misrepresented facts and information to the Court with deliberate deception to have the case permanently closed/ terminated, (critical at that time), without Plaintiffs knowledge or consent and caused Damages. (See copy attached hereto Exhibit 86).**

179. **Attorneys Lisa Ross and Robert Pederson were aware at all times that Plaintiff/ Administratrix Ursula C. Staten had not agreed to ANY of the Dismissals or the compromised Settlement and had not signed the Release.**

180. **Documents and evidence reveal pursuant to Defendants' conspiracy and fraud of deliberately filing false, misleading documents and information to undermine**

the Court(s) and Plaintiff, (each with individual self-serving agendas and personal gains at Plaintiffs' expense),   the Estate was closed on **April 21, 2015** in Chancery Court and **April 23, 2015** in U.S. District Court .

181.   April 24, 2015 Documents and evidence **confirms** Attorneys Lisa Ross and Robert Pederson **did not have authorization or a signed Settlement Release from** Plaintiff/Administratrix Ursula C. Staten on April 23, 2015,   when they **fraudulently** electronically filed *on behalf of Plaintiff* the *Rule 41 Stipulation Of Dismissal* in U. S. District Court, to completely and officially close the Estate and the wrongful death action of Ray Charles Staten Sr.*(Civil Action No. 1:13 cv 212 LG-JCG).*

182.     **Attorney Robert Pederson office staff** wrote to **Attorney Lisa Ross Office Staff** stating: *"We do not have signatures for the attached pages."*
*"When will we receive them?"*
**(See copy attached hereto Exhibit 87).**

183.   April 24, 2015 Plaintiff tendered a **$500.00 payment to Attorney Lisa Ross Office Staff** and was provided with updated copies of documents and evidence regarding the fraudulent misconduct of Defendants. (See copy **attached hereto Exhibit 88).**

**H. Unduly Influenced by Attorney Lisa Ross  Office Staff at the Direction of Attorney Lisa Ross**

184.   April 30, 2015 Plaintiff was contacted via email,  telephone and text message by **Attorney Lisa Ross's office staff,** distraught ,desperately pleading, requesting signatures for the (2) two signature pages of a "Release" designated for Plaintiff/ Administratrix to sign, promising *"the documents would be for in-office purposes only":*
*Office Staff:* *"Staten, please execute before a notary and return to me  before I have to kill somebody. Please... ... "*
*Office Staff:* *"Did you get my previous e-mail??*

**(See copy attached hereto Exhibit 89).**

Page 50

185.   April 30, 2015, Attorney Lisa Ross's office staff informed Plaintiff
"the damage has been done", and sent Plaintiff a copy of the **Civil Docket Report**
of Civil Action No. 1: 13-cv-212-LG-JCG, (the wrongful death Case of Ray Charles
Staten Sr.) which revealed and confirmed the fraudulent dismissal of Defendants on
March 12, 2015 and Civil Action No. 1: 13-cv-212-LG-JCG (the wrongful death Case of
Ray Charles Staten Sr.) <u>completely terminated April 23, 2015,</u> per *"Stipulation of*
*Dismissal"* fraudulently filed *on behalf of Plaintiff* by Attorneys Lisa Ross and Robert
Pederson for Health Assurance./Carl Reddix. (See copy  attached hereto Exhibit 90).

186.    May 1, 2015 3:15 PM,   Plaintiff/Administratrix sent **Attorney Lisa Ross's**
**Office Staff** the signature pages **after** obtaining confirmation of the fraud, negligence and
misconduct in  the Case definitely fraudulently closed/terminated by Defendants
without Plaintiff's knowledge or consent for self-serving personal gain at the Plaintiffs'
expense, as **Attorney Lisa Ross's Office Staff** was being threatened , **extorted and in**
**jeopardy** because of her **extended assistance to Plaintiff. (See copy  attached hereto**
**Exhibit 91).**

187.   The Settlement Agreement and the Release were not properly
formulated or executed by Defendants and are  fraudulent and invalid.

188.   The Release consists of Signature pages of the Heirs/Beneficiaries
on  April 1, 2015 *before* approval of Chancery Court and after  Chancellor informed
Defendants they were invalid.  The signature of Plaintiff/Ursula C. Staten/
Administratrix of the Estate is May 1, 2015  <u>after the Estate was completely</u>
<u>closed and  Plaintiff discharged April 21, 2015</u> and the Case  terminated on
April 23, 2015.

A complete Release was not in Defendants possession at the time the Case was fraudulently closed by Defendants. (See copy attached hereto Exhibit 92).

189.    Defendants were successful in fraudulently closing and terminating the Estate/Case WITHOUT:

a) Plaintiffs' permission, knowledge or signature

b) The "Petition of Administratrix Approval to Settle the Doubtful Claim", which was purposely never agreed upon, signed or submitted by Administratrix in an unsuccessful attempt of Administratrix to avoid the Case being terminated.

c) Valid Waivers and Joinders of Beneficiaries as the Petition of Administratrix Approval to Settle the Doubtful Claim", was not filed and Beneficiaries cannot JOIN what does not exist.

d) A valid Release signed by Any Plaintiff.

e) A signed Release by Administratrix before the Case was terminated by Attorneys Lisa Ross and Robert Pederson.

190.    Defendants violated Plaintiffs rights civilly and criminally when they conspired in collusion to engage in unlawful, fraudulent misconduct to dismiss the wrongful death action of Ray Charles Staten Sr. by: willfully and intentionally (1) sabotaged the proceedings of the wrongful death and the Estate of Ray Charles Staten Sr.(2) fraudulently obtained Dismissals without Plaintiffs knowledge or consent(3) altered and compromised the Settlement Hearing and Agreement without Plaintiff knowledge or consent (4)submitted fraudulent documents to U. S District Court and Chancery Court to obtain favorable Rulings and unjust enrichments (5) misappropriated funds and (6) misrepresented documentation and statements to falsely appear that Plaintiff voluntarily dismissed all Defendants and voluntarily paid all expenses, (medical, funeral, attorney fees etc.) relating to the wrongful death of

Ray Charles Staten Sr. (7) proceeded with great lengths to cover-up and conceal the fraud, negligence and misconduct to avoid having to fulfill their obligations and compensation to Plaintiff on behalf of the Estate of Ray Charles Staten Sr. for the actions of fraud and negligence in his horrific egregious death (8) used the fraudulent *confidential* information from the wrongful death Case of Ray Staten Sr. to diminish, discredit and dismiss all other similar Claims and violations pending against them.

191. **May 14, 2015,** Plaintiff contacted Attorney Michael Crosby regarding Plaintiff being **approached** by numerous persons in disappointment of the information that "Plaintiff voluntarily dismissed the Defendants responsible for the horrific death of Ray Charles Staten Sr.", with viewed negative expressions and opinions as betrayal by Plaintiff to Ray Charles Staten Sr. and all others involved indicating the information was provided by Attorney Michael Crosby. **(See copy attached hereto Exhibit 93).**

192. **May 15, 2015,** Plaintiff personally tendered $500.00 to each Christopher Housley and Alonzo Reaves as a token appreciation and on behalf of Ray Charles Staten Sr.(See copies **attached hereto Exhibit 94).**

193. **May 15, 2015,** Attorney Michael Crosby responded to Plaintiff informing he was privy to information regarding **the fraud that took place by the Defendants against Plaintiff,** requesting documents and information from Plaintiff to assist in the bystander's claim he had pending against Defendants.

Attorney Michael Crosby stated:....

> *"I just want to do things right,*
> *and I will always regret that I was not able to help you.*
> *It's crazy, because your case was clearly a stronger case.*
> *Nevertheless I despise what they did to you, YOU,*
> *not just your husband. They took so much from you.*

> *As far as what I need, I actually need your box with*
> *everything you have I would not let anyone else look at*
> *it if that is your wish. I know that I can't catch them*
> *contradicting themselves if I can show how they answer*
> *your question I can cross them up. ,,,,As I have reason to*
> *believe that they are not producing everything again,*
> *I appreciate you very much........*
> **(See copies attached hereto Exhibit 95).**

194.   **May 26, 2015,** Plaintiff  was sent a  newspaper article which displayed

Ray Charles Staten Sr. as being poor  and unable to pay  a small debt of $409 which

became a death sentence for him.  **The Article reports, "** Based on **Court records and**

**information, , the lawsuit settled in March  2015, (which is the date Defendants**

**fraudulently voluntarily dismissed all the Defendants** *on behalf of Plaintiff* **without**

**Plaintiff's  knowledge and authority/consent , also before receiving** *approval* **of**

**Chancery  Court as directed by the Magistrate Judge in District Court.**

**(See copy attached hereto Exhibit 96).**

## H.   Defendants in violation of Plaintiff Made  False Slanderous Statements Regarding the Fraudulent  Dismissals Causing Severe and Fatal Damages

195.   **June 17, 2015,** Shortly after Defendants fraudulently obtained the

Dismissals and  termination/closing  of Plaintiff's *(Civil Action  No. 1:13cv212LG-JMR),*

Defendants  conducted Depositions of the eye witnesses (Christopher Housley and

Alonzo Reaves) of the wrongful death of Ray Staten Sr.  using  the  false information,

repeatedly  making false  statements regarding Plaintiff,  stating, " Ray Staten's family

accepted a settlement from the healthcare providers and dismissed the rest of Defendants

because collectively they (Plaintiffs) didn't find fault in Defendants.

196.   Defendants knew the statements were false , slanderous misleading and the

statements would shade a negative light on Plaintiff and family and /or discredit

**Page 54**

the witnesses who assisted in reporting the details of the egregious horrific  death of Ray

Charles Staten Sr. , <u>which later played a major part and  influence in  the tragic death of</u>

<u>Christopher Housley (October 12, 2016)</u>  as indicated in his torturous deposition.

**(See copies of excerpts  attached hereto Exhibit 98).**

> **197.** To Alonzo Reaves Defendants stated:
>> **Mr. Holland:**  *Are you aware of whether Mr. Staten's family*
>>>     *filed a  lawsuit resulting from his death?*
>>>     *A. I would hope they did.*
>>>     *Q. I mean, I'll represent to you that they did.*
>>>       *Are you familiar with the outcome of the case?*
>>>     *A .Not wholeheartedly. I've heard bit and  pieces.*
>>>     *Q. What have you heard?*
>>>     *A.  I heard they offered her a settlement or something to that extent*
>>>       *her children or something.*
>>>     *Q. So, I guess, you are aware that Mr. Staten's family voluntarily*
>>>       *dismissed Harrison County, the Sheriff and the Warden, from that lawsuit?*
>>>     *A. Am I aware of it? No, I'm not.*
>>>     *Q. So you didn't know that?*
>>>     *A. No I didn't know that.*
>>>      *Q. So given that Mr. Staten's family, the man who died,*
>>>       *who actually died as a result of his medical problems at the jail,*
>>>       *his family has dismissed the very people that you are now suing*
>>>     *A. Uh huh*
>>>     *Q. How do you feel about that?*
>>>     *A. How do I feel about it? I wouldn't have dismissed it.*
>>>     *Q.So you think that they shouldn't have done that?*
>>>     *A. If that's what they thought was best for their family,*
>>>        *then I'm quite sure I could go alone with them doing what*
>>>        *they think is best for their family, their family.*
>>>        *I don't have a problem with nothing their family do.*
>>>     **(See copy of excerpts attached hereto Exhibit 97).**

> **198.** June 17, 2015, To Christopher Housley  Defendants  stated:
>>     *Q. And I think you heard  previously, we discussed with Mr. Reaves*
>>     *the fact that Mr. Staten's family filed a lawsuit, and  also named the*
>>     *County, and the Sheriff, and the Warden, and that the result of the*
>>     *lawsuit was that in the mind of Mr. Staten's family, in their*
>>     *collective mind, I guess, neither the Sheriff, nor the Warden,*
>>     *nor the County  were at fault for what happened, and,*
>>     *in fact, they settle with the Healthcare Provider.*
>>     *Does that change your opinion about this case at all?*

**Page 55**

A. *Not at all. It's not the same situation, for one.*
   *For one, they—they wasn't –in the same situation as I was.*
   *They wasn't in the cell, locked in there to have to watch him go through all this*
   *pain they wasn't in there having to eat and not having no soap to wash your*
   *hands before you eat with all this – a thin layer of feces and vomit everywhere.*
   *They wasn't in my situation. So if they made that decision, it's because of them*
   *making that decision. I couldn't –I can't make that decision, I lived it,*
   *it was horrible for me not them.*
   *And for two, I feel like that if their policies wasn't – – the officers might have*
   *followed the exact way that they should have done things or they was trained to*
   *do things, but maybe now knowing this, and how we had to staying there and go*
   *through this, maybe you all – maybe they should change their policies to*
   *where it don't happen again.*
   *So, no, I would drop mine. I'm staying strong on mine.*
   **See copy of excerpt attached hereto p. 71, 72  Exhibit 98).**

**199. June 17, 2015,** Attorney Michael Crosby stated in confirmation during Christopher

Housley's deposition : "*You have a member of your Board Of Supervisors indicted*
   *for allegedly taking bribes for putting vendors, including healthcare,*
   *medical is assurance – – not medical assurance, but the healthcare in the jail.*
   *And that if someone is being a allegedly taking bribes to allow– –*
   *To make decisions on providing medical care, rather than make a decision*
   *upon the merits and abilities of those healthcare providers,*
   *apart from getting alleged  bribes , gratuities or payments,*
   *then perhaps the medical care would have  been  substantially better.*
   *And that's what my client, through me, is saying.*
   *And I can get even more detailed about it,*
   *but I think we should not put that out  here right now.*
   **( See copy of excerpt attached hereto p. 90  Exhibit 98).**

**200.    June 19, 2015  Attorney Michael Crosby contacted Plaintiff and stated:**
   *Ms. Staten, I have some information which I think will be of great interest to you.*
   *During the depositions of my client, the Board of Supervisors attorney and the sheriff*
   *attorney repeatedly stated during the deposition that the nurses were negligent and would*
   *not be there but for their terrible medical service.*
   *They also grill the Men over whether you discuss the case with them, which they explained*
   *that you did not.*
   *Finally, they asked them if they knew that you agreed to voluntarily dismiss the board*
   *and the sheriff.*

   *I think all that is very important to you because, at the end of the deposition I reveal that we*
   *have information that at least one board member received possible bride and payments to*
   *choose the medical company at the jail at the time of the negligence, was selected by the board*
   *of a supervisor went from one or more we're getting bribes.*

**Page 56**

*I pointed out that the attorney stated over and over that the nurses were negligent.*
*Further, I stated that if the Medical Company have been selected for the merits of their service*
*rather than a bright, then perhaps the tragedy would not have happened.*
*I followed up with the letter to the attorney, and I have attached that letter for you.*
*I think it might be important to you is, when you dismissed the Board and the sheriff,*
*you were not aware of any bribes.***(See copy attached hereto Exhibit 99).**

**201.   June 20, 2015 Attorney Michael Crosby contacted Plaintiff and stated:**
*What I am trying to say is, your attorney agreed to dismiss the Board Of Supervisors*
*from the lawsuit, because you have nothing to indicate that they were negligent.*
*The negligence on the part of the Medical Company hired by the Board to work at the jail.*
*Now, one of the members of the Board was indicted and allegedly took payments from various*
*vendors with the intent to influence their intent to select them to provide services for the*
*County.*

*So, if the company which provided the nurse to treat your husband was hired based on*
*illegal bribes rather than the quality of their service, then you were tricked into dismissing*
*the Board Of Supervisors.*

*If other members did the same, then that opens up a new way to sue them I think that the*
*Medical Company was cutting corners on medical treatment to make up for the money spent*
*for bribes. I don't know the details, but I do know that it is serious and I intend to amend our*
*lawsuit to include this.*

*I felt I should tell you about it because it directly impacts you.*
*Additionally, they told you not to discuss the settlement, and yet,*
*the two attorneys were throwing that in our face, over and over,*
*how are you dismiss them from the lawsuit they kept saying that we would not be here if it were*
*not for the bad service of the Medical Company, and how could the deputies know that the nurses*
*were negligent.*

***I say, when the Board Of Supervisors hired the Medical Company, their decision was***
***not based upon the quality of the service, but instead, maybe, because they were paid off.***
*Depending upon the dismissal, you might be able to revive your claim against them based upon*
*this new information that was withheld from you at the time, the attorneys probably knew about it,*
*but they concealed the info from you and your attorney.***(See copy attached hereto Exhibit 100).**

## I. Conflict of Interest, Intentional Negligence , Fraud, Misappropriation Of Funds

**202.**   Attorney Lisa Ross fraudulently terminated Plaintiff's' civil wrongful death

action against Health Assurance/Carl Reddix , *on behalf of Plaintiff,* without Plaintiff's

knowledge or consent for her own personal  gains and interests, which was  the criminal

representation  of Health Assurance/Carl Reddix , which was totally adverse to the wrongful

death of Ray Charles Staten Sr. ( proximately  caused by the negligence of Health

Assurance/Carl Reddix).

203.  June 25, 2015,  Documents and evidence produced reveals in e-mails ,

(approximately 6 weeks ), following Attorney  Lisa Ross's **fraudulent  unauthorized**

**Dismissals and termination of Ray Charles Staten Sr.'s  wrongful death civil action**

against  Health Assurance/Carl Reddix, Attorney Lisa Ross joined the "**Dream Team** "

for the defense of the anticipated  indictments  and charges against  **Health Assurance**

**(Carl Reddix)** for charges and issues related to the death of Ray Charles Staten Sr.

204.  Attorney Lisa Ross was in violation of conflict of interest legally, ethically

and morally when she deliberately without authorization dismissed the wrongful death

action caused by Health Assurance/Carl Reddix in order to represent Carl Reddix

of  Health Assurance escape criminal charges related to the death of  Ray Charles

Staten Sr.

205.  Attorney  Lisa Ross demanded  an **initial  non-refundable flat fee  of**

**$50,000, of Carl Reddix/Health Assurance** for a defense claiming the opposite of the

allegations of the wrongful death  claims of  Ray Charles Staten Sr. against Carl

Reddix/Health Assurance.   The email  states:  *"Let's plan on getting together after the*

*4th to discuss where we are and what, if anything , we need to do before we hear from the*

*Feds."* **(See copies attached hereto Exhibit 101).**

**Page 58**

206.   **Plaintiff was informed that** Attorney Lisa Ross's initial upfront payment was **$250,000.00,** which $200,000 was paid by Attorney Walter Johnson (Health Assurance/ Carl Reddix) ,with the remainder of the $500,000.00 in his authority to pay towards the settlement of the wrongful death action of Ray Charles Staten Sr.

207.   Only the   $350,000.00 was accounted for on record to Plaintiff for the wrongful death action of Ray Charles Staten Sr. for Health Assurance, with no indication of what the payment was for or that the payment was a **Full and Final payment.**

208.   There was no mention of **any** payment to Plaintiff on behalf of the Estate of Ray Charles Staten Sr. for  Kenissa Clark, nor was there **any compensation** made to the Estate from any other named Defendants voluntarily dismissed by Attorney Lisa Ross fraudulently on behalf of Plaintiff. **(See checks with memo purposely left blank Exhibit 84)**

209.   **June 29, 2015,** Plaintiff confirmed with Attorney Michael Crosby that she did not wish to dismiss the Defendants that were fraudulently dismissed by Attorney Lisa Ross (on behalf of Plaintiff) and refused to sign.  All attorneys for  the named Defendants conspired and maliciously executed the joint motion on behalf of Plaintiff without any signature or consent from Plaintiff.  Plaintiff also expressed to Attorney Michael Crosby that Ray Staten and his loved ones refuse to be used any further. (See copies attached hereto Exhibit 102).

210.   **August 11, 2015 The Defendants used the same fraudulent documents and slanderous information provided and discussed at the depositions of  the eyewitnesses and cellmates of Ray Charles Sr. (Christopher Housley and Alonzo Reaves) i.e. ("that Plaintiff voluntarily dismissed Defendants because they wasn't at fault") ,**

was also deceitfully provided to the Justice Department regarding Plaintiff's

Complaint submitted to the Justice Department after the unwarranted  horrific death

of Ray Charles Staten Sr. in the Harrison County Adult Detention Center.

Defendant's fraudulent deceitful  information contributed to the end of  Plaintiff's

Complaint  with the Justice Department and the 20 year consent decree and the Federal

oversight coming to an end with Harrison County and the Harrison County Jail. (See

copies attached hereto Exhibit 103).

211.  July 21, 2016  More than one year after Attorney Lisa Ross and

Defendants fraudulently  voluntarily dismissed the wrongful death action of

Ray Charles Staten Sr.  to make it go away (each Defendant with their own

agenda to avoid compensating paid zero (0) dollars for their negligence and

obligations) for the wrongful death of Ray Charles Staten Sr.

212.     Plaintiff was provided with documents and evidence of  the "conflict of

interest/misrepresentation and fraud of Attorney Lisa Ross  for Health

Assurance/Carl Reddix when he was indicted of  charges to include bribery of

contracts for healthcare in several prisons for many years. (See copies attached

hereto Exhibit 104).

213.  August 26,2016, Plaintiff filed the first of three (3) Complaints *Pro se,*

not by choice, but because Defendants have gone to great lengths to cover-up conceal

obstruct, deter any peers from representation  against them and to keep Plaintiff from

exercising the constitutional right to proceed without counsel in every effort to get

away with the fraud and crimes they have committed against Plaintiff and have caused

damages.

214.  Due to Defendants  continued violations, perjury to progress in the Court

system with unclean-hands and falsehoods to hinder the allegations being investigated

or properly considered, the proof submitted in support of Plaintiff's allegations have been swept aside placing the focus on Plaintiff and her actions in pursuit of the justice and compensation Defendants have stolen from her and continue to do so with extensive creative fraudulent measures to persuade each Court that Plaintiff is attempting to practice law without a license with "unclean hands".

215. Plaintiff have been plagued and harassed with many sanction request, reprimands by the Defendants for legal technicalities due to the inexperience and required knowledge of the law and procedures to deter Plaintiff from seeking justice. (See copies attached hereto Exhibit 105).

216. Defendants conspired and colluded these tactics as a plan prior to violating and committing the fraudulent actions against Plaintiff, confident that Plaintiff would not be successful personally in proving the misconduct in a Court of law nor would Plaintiff be successful in obtaining an attorney to assist against them financially.

217. Defendants have submitted fraudulent documents statements to this Court pending in 5th Circuit Court of Appeals filed by Plaintiff to Set aside the Judgment and Dismissals in the wrongful death Cause of Action due to Fraud on the Court, whereas all Defendants have submitted perjured statements that "Plaintiff personally voluntarily dismissed them at the Settlement Conference."

J. The Fabrication Of Evidence By A Party In Which An Attorney Is Implicated, Will Constitute A Fraud On The Court .

218. Attorney Lisa Ross have confirmed Plaintiff's statements and contradicted the statements of Defendants in several different forums under oath admitting that she (Attorney Lisa Ross dismissed the Defendants without Plaintiff's knowledge or consent.

Page 61

219.   (1)   On January 31, 2017  In the Mississippi Bar Complaint filed by Ursula C. Staten against Attorney Lisa Ross for breach of contract, violation of fiduciary duties , interference with duties of an Administratrix, ethical violations, conflict of interest, neglect, mishandling of funds, dishonesty, fraud, deceit and misrepresentation, and legal malpractice.

> The response given by Attorney Lisa Ross states:
> (c) Ms. Ross entered into Agreed Orders of Dismissal of Harrison County and Health Assurance's employee Kenissa Clark without Client's knowledge. (See copies attached hereto Exhibit 106 p. 4 (c).

220.   (2)   On February 5, 2019 – In the report of an expert witness retained by Attorney Lisa Ross in the Cause of Action in  Circuit Court  of Harrison County (Cause No. A2401-2018-20) filed by  Ursula C. Staten and the Heirs/ Beneficiaries of the Estate of Ray Charles Staten Sr. against Attorney Lisa Ross for breach of contract,  violation of fiduciary duties, interference with duties of Administratrix, ethical violations, conflict of  interest, negligence, mishandling of funds, fraud, misrepresentation  and legal malpractice, legal misconduct and "fraud on the  Court "of Attorney Lisa Ross.

> The response given by Attorney Lisa Ross states:
> *Plaintiff are correct that they were not present when the Settlement Conference reconvened to include Kenissa Clark.
> (See attached  hereto Ex. 107  -page 5) .

221. March 29, 2018  Attorney Lisa Ross submitted documents and statement in Circuit Court on a *Motion to Dismiss as to Plaintiff Ursula C. Staten* stating:

> … …. " Plaintiff Ursula Staten is not a present or former client of Defendant Ross which is a prerequisite to a legal malpractice claim.
> In order to recover for legal malpractice, a Plaintiff must prove by preponderance of the evidence the existence of a lawyer-client relationship, negligence on the part of the lawyer in handling his client's affairs entrusted to him.

Page 62

> Since Plaintiff Ursula Staten was not a client of Defendant Ross
> she has no cause of action for legal malpractice.
> Plaintiff Ursula Staten did not enter into a contract with
> Defendant Ross which is an essential element to a contract claim.
> Under Mississippi law, one who is not a party to a contract has no
> standing to seek redress for a breach of that contract.
> (See attached  hereto Exhibit. 108 ) .

222.  Plaintiff was dismissed from this Complaint based on these fraudulent

statements and documents submitted to the Court by Attorney Lisa Ross.

223.   If in fact Plaintiff was not a Client of Attorney Lisa Ross then Attorney

Lisa Ross definitely had no authority to sign ANY documents *on behalf of Plaintiff.*

224.   **April 27, 2018**  Plaintiff/ Ursula C. Staten  Petitioned the Court and the

the Chancellor signed an Order and **the Estate was  Re-opened.**

Plaintiff/Ursula C. Staten **was Re-appointed as Administratrix  of the Estate.**

**and litigation was authorized.** (See copy  of Order attached hereto  Exhibit 109).

225. May 4, 2018,  Attorney Lisa Ross became aware  of **the re-opening of the**

Estate to litigate the claims of her  (Attorney t Lisa Ross) fraud and misconduct,

Attorney Lisa Ross immediately filed a ***Motion To Set Aside The Order Re-Opening***

***Estate And Reappointing Ursula C. Staten As Administratrix,***  for obvious reasons,

to keep her(Attorney Lisa Ross) **fraud and  misconduct from being exposed.**

(See copy  attached hereto  Exhibit 110).

226.  May 5, 2018, Plaintiff/ Ursula C. Staten filed a response to the unconscionable

absurdness of a former Attorney fighting over a former Client's family Estate,

to keep it closed for her own personal interest in keeping her fraud concealed.

(See copy  attached hereto  Exhibit 111).

**Page 63**

227.    July 6, 2018, Attorney Lisa Ross authorized her Attorney to extend a
settlement offer of $25,000 in exchange for a full and complete release of any
and all liability and a dismissal with prejudice of the lawsuit Cause of Action in
Circuit Court of Harrison County (Cause No. A2401-2018-20) filed by
Ursula C. Staten and the Heirs/ Beneficiaries of the Estate of Ray Charles Staten Sr.
against Attorney Lisa Ross. (See copy attached hereto Exhibit 112).

228.    December 15, 2017, Carl Reddix of Health Assurance was sentenced
to six years in prison, a lighter term than what he could have received.

229.    December 15, 2017, At the sentencing a friend argued that Reddix should get
a light sentence, asserting that the loss of his medical license, business and reputation
already amounted to substantial punishment. ":I'm asking that you be merciful, to be
honest, " said Walter Johnson, a lawyer who testified a character witness, " The guy
has already lost everything. (See copy attached hereto Exhibit 113).

230. April 10, 2017, Plaintiff was contacted by Christopher Housley's
mother (Sue Housley Lewis) to inform her that Christopher Housley took
his own life, as he stated the tragedy of witnessing the horrific death of
Ray Charles Staten Sr. at twenty-one (21) years of age, the negligence of
the Defendants, the lack of human, moral compassion by Defendants
not only in regards to the wrongful death of Ray Staten, but to harass and
victimize the victims of horrible tragedies and continually get away with.
(See copy attached hereto Exhibit 114)

## Prayer for Relief

Wherefore , Plaintiff prays that judgment be entered in its favor and against

Defendants as follows:

      1. With respect to all counts, that judgment be entered against Defendants.

      2. For factual and compensatory damages according to proof;

      3. For restitution and disgorgement; Case value as advised plus interest

      4. For punitive damages;

      5. For pre- and post judgment interest as provided by law;

      6. For reasonable attorneys' fees and costs as allowed by law, including

the fees Plaintiff incurred in obtaining the documents and evidence incurred in

investigating and pursuing justice in Defendant's fraudulent illegal conduct; and

      7. For such further relief and the Court deems just and proper.

RESPECTFULLY SUBMITTED,        9-5-2019

**URSULA C. STATEN**
396 Main Street
Biloxi, MS  39530
(228) 383-0248

Page 65