# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

URSULA C. STATEN                                                        PLAINTIFF

v.                                     CIVIL ACTION NO. 1:19-CV-560-KS-RHW

HARRISON COUNTY, MISSISSIPPI, *et al.*                   DEFENDANTS

## ORDER

On December 27, 2019, Plaintiff filed a Motion to Recuse and Disqualify [28] and a Motion for Reassignment [30], arguing that the undersigned judge must recuse himself pursuant to 28 U.S.C. § 455(a)-(b). Under 28 U.S.C. § 144, a judge must refer a motion for recusal to another judge when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. In this context, a "sufficient affidavit" is one that "satif[ies] the standards under either § 455 or § 144." *United States v. Moore*, 772 F. App'x 235, 236 (5th Cir. 2019) (citing *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003)). For the reasons provided below, the Court finds that Plaintiff's affidavit is not sufficient to meet § 455's standard for recusal. Therefore, the undersigned judge is not required to refer the Motion to Recuse [28] to another judge, and, moreover, the Motion to Recuse [28] and Motion for Reassignemnt [30] must be **denied**.

Here, Plaintiff argues that the undersigned judge must recuse himself because (1) he dismissed a previous case related to the same events underlying the present case, (2) he allegedly has "personal knowledge" of facts in dispute in the case, and (3) he allegedly has "expressed partial, biased, prejudicial views on . . . legal and factual issue [sic] at stake in the case."

Section 455 provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a)-(b). "When considering a claim under § 455(a)," the Court must "consider whether a reasonable and objective person, rather than the hypersensitive, cynical, and suspicious person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Raborn v. Inpatient Mgmt. Partners, Inc.*, 352 F. App'x 881, 883 (5th Cir. 2009).

The Court dismissed a previous case filed by Plaintiff because it did not meet the requirements for subject matter jurisdiction in this Court. *See* Order, *Staten v. Ross*, No. 1:16-CV-319-KS-MTP (S.D. Miss. Nov. 7, 2016), ECF No. 55; Order to Show Cause, *Staten v. Ross*, No. 1:16-CV-319-KS-MTP (S.D. Miss. Oct. 24, 2016), ECF No. 43. In the previous case, the parties were not completely diverse, and Plaintiff did not plead any claims arising under federal law. Plaintiff has not provided any coherent

argument that the Court erred in its jurisdictional analysis, despite her obvious displeasure with the Court's ruling. Moreover, nothing in the Court's orders from the previous case displays partiality, bias, or prejudice against Plaintiff or in favor of Defendants. "An adverse ruling, by itself, is not evidence of bias." *Raborn*, 352 F. App'x at 884.

As for Plaintiff's claim that the undersigned judge has "personal knowledge" of facts in dispute, Plaintiff apparently contends that the undersigned judge's knowledge of her previous case is disqualifying. For a judge's knowledge of a case to be disqualifying, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992); *see also United States v. Mizell*, 88 F.3d 288, 209-300 (5th Cir. 1996). Therefore, the undersigned judge's knowledge of Plaintiff's previous case is not grounds for disqualification under 28 U.S.C. § 455.

For these reasons, the Court **denies** Plaintiff's Motion to Recuse and Disqualify [28] and Motion for Reassignment [30].

SO ORDERED AND ADJUDGED this 6th day of January, 2020.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE