IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**URSULA C. STATEN**                                                               **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:19-CV-560-KS-RHW**

**HARRISON COUNTY, MISSISSIPPI,** *et al.*                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** the Defendants' Motions to Dismiss [13, 16, 32, 37]. All of Plaintiff's claims asserted in this case are **dismissed with prejudice**. The Court also **enjoins** Plaintiff from filing further actions in any state or federal court based on the factual allegations in this case and/or the previous cases in this Court – *Staten v. City of D'Iberville*, No. 1:13-CV-212-LG-JCG, and *Staten v. Ross*, No. 1:16-CV-319-HSO-JCG – but the Court declines to award fees and costs at this time.

## I. BACKGROUND

This is the latest of several cases filed by Plaintiff arising from the death of her ex-husband, Ray Charles Staten, Sr., and the settlement of his estate's claims. In May 2011, Staten died while in the custody of Harrison County, Mississippi, after being arrested on an open warrant by the D'Iberville Police Department. In July 2011, the Chancery Court of Harrison County, Mississippi appointed Plaintiff the administratrix of his estate. The Chancery Court eventually found that Staten's three children were his sole heirs and, therefore, exclusive wrongful death beneficiaries.

In May 2013, Plaintiff filed a lawsuit in this Court against the City of D'Iberville and other parties – including Defendants Melvin Brisolara and Harrison County, Mississippi – on behalf of Staten's estate. In March 2015, Plaintiff, as administratrix, settled the claims of the Estate and the wrongful death beneficiaries against Health Assurance, a medical contractor providing services at the jail, and its agent. The Court eventually entered an agreed order dismissing the case with prejudice as to the defendants associated with Harrison County and the City of D'Iberville. *See* Agreed Final Judgment of Dismissal with Prejudice, *Staten v. City of D'Iberville, Miss.*, No. 1:13-CV-212-LG-JCG (S.D. Miss. Mar. 12, 2015), ECF No. 94.

In April 2015, the Chancery Court approved the settlement with Health Assurance, directed the payment of probated claims against the Estate out of the settlement funds, and ordered that the remaining settlement funds be disbursed in equal parts to Staten's children, his wrongful death beneficiaries. *See* Exhibit 7 to Motion to Dismiss at 13, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-7. Plaintiff stipulated to the dismissal of the Estate's claims against Health Assurance and its agent. Exhibit 13 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-13.

In August 2016, Plaintiff filed a second lawsuit in this Court, against numerous parties, including Defendants Lisa Ross, Lisa M. Ross Law Firm, Harrison County, Robert Pedersen, and Walter Johnson. *See* Complaint, *Staten v. Ross*, No.

2

1:16-CV-319-HSO-JCG (S.D. Miss. Aug. 26, 2016), ECF No. 1. Plaintiff asserted numerous claims, but the gist of the second lawsuit was that the defendants – including her own attorney – had colluded to procure the settlement of the Estate's claims in the previous lawsuit. The Court eventually dismissed the case for lack of subject matter jurisdiction. Order, *Staten v. Ross*, No. 1:16-CV-319-KS-MTP (S.D. Miss. Nov. 7, 2017), ECF No. 55.

In March 2017, Plaintiff filed a lawsuit in the Circuit Court of Harrison County, Mississippi, individually and on behalf of Staten's estate and wrongful death beneficiaries. *See* Exhibit 16 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-16. She asserted numerous claims against several parties, including Defendants Lisa Ross and Robert Pedersen. Plaintiff generally alleged that Ross had colluded with opposing parties to settle Plaintiff's claims in the initial federal court case. The state court ultimately dismissed the case for lack of standing and admonished Plaintiff for practicing law without a license by attempting to represent the Estate and Staten's wrongful death beneficiaries. Exhibit 2 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-2.

In January 2018, Plaintiff filed another lawsuit in the Circuit Court of Harrison County, Mississippi, asserting similar claims as in the three previous lawsuits against Defendants Lisa Ross, Robert Pedersen, and Walter Johnson, among others. Exhibit 17 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-

3

CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-17. This time, however, the three wrongful death beneficiaries joined in the lawsuit. The state court eventually dismissed Plaintiff's claims against Defendants Pedersen, Johnson, and Ross. Exhibit 3 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-3. The wrongful death beneficiaries stipulated to the dismissal of their claims against Lisa Ross. Exhibit 21 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-21.

Plaintiff then petitioned the Chancery Court to reopen Staten's estate so that she could assert claims on its behalf, but the Chancery Court denied her petition. Exhibit 18 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-18. The Court further held that Plaintiff could not assert claims on the behalf of, or otherwise represent, Staten's wrongful death beneficiaries because it would constitute practicing law without a license. Exhibit 19 to Motion to Dismiss, *Staten v. Harrison County, Miss.*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Dec. 11, 2019), ECF No. 13-19.

In November 2018, Plaintiff filed a motion in the original suit before this Court to set aside the settlement and stipulation of dismissal, alleging that they were procured through fraud and collusion. Motion to Set Aside, *Staten v. City of D'Iberville, Miss.*, No. 1:13-CV-212-LG-JCG (S.D. Miss. Nov. 6, 2018), ECF No. 97. The Court denied Plaintiff's motion, holding that the motion was untimely, that

4

Plaintiff did not have standing to pursue relief on behalf of the Estate, and that she had not proven her allegations of fraud on the Court. Order Denying Motion to Set Aside, *Staten v. City of D'Iberville, Miss.*, No. 1:13-CV-212-LG-JCG (S.D. Miss. Mar. 11, 2019), ECF No. 123. Plaintiff appealed the order, but the Court of Appeals dismissed her appeal for want of prosecution. Clerk's Order, *Staten v. City of D'Iberville, Miss.*, No. 19-60164 (5th Cir. Sept. 10, 2019).

In September 2019, Plaintiff filed the present case – her fifth lawsuit arising from Staten's death and the settlement of his estate's claims. Plaintiff named the following parties as Defendants: Harrison County, Mississippi; the Harrison County Board of Supervisors, in their official and individual capacities; Lisa Ross; Lisa M. Ross Law Firm; Patrick Guild; Harrison County Sheriff Melvin Brisolara, in his individual and official capacities; Haley Broom; Health Assurance, LLC; Kenissa Clark; Robert Pedersen; Walter Johnson; and Jason Dare.

Most of Plaintiff's specific factual allegations are directed at her former counsel, Lisa Ross, but Plaintiff asserted a wide variety of causes of action as to all Defendants, arising under both federal and state law. The gist of her claims is that the Defendants conspired and colluded to settle the Estate's claims without her permission. Several Defendants filed motions to dismiss.

## II. PEDERSEN & JOHNSON MOTION TO DISMISS [13]

First, Defendants Pedersen & Johnson filed a Motion to Dismiss [13]. Their chief argument is that Plaintiff lacks standing to assert the claims in this case.

5

Defendants argue both 1) that Plaintiff lacks statutory standing to assert claims on behalf of her ex-husband's estate or his wrongful death beneficiaries, and 2) that she lacks Article III standing because she has not asserted an injury-in-fact in her individual capacity.

Plaintiff's Complaint [1] is a rambling narrative of accusations and legal jargon, but all her claims arise from Defendants' alleged actions in the original lawsuit filed on behalf of Staten's estate in this Court in May 2013. Indeed, Plaintiff admitted as much in her briefing. *See* Response at 2, *Staten v. Harrison County*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Jan. 24, 2020), ECF No. 51. In Count I, Plaintiff claimed that her former attorney Lisa Ross sabotaged the 2013 lawsuit. In Count II, Plaintiff alleged that Ross refused to follow her directions regarding the prosecution of the 2013 lawsuit. In Count III, Plaintiff alleged that Ross conspired with the other Defendants to settle the previous case against her wishes, and with regard to other litigation issues, such as the scheduling of depositions. In Counts IV and V, Plaintiff again alleged that Defendants conspired to settle her claims against her wishes. It is not clear from Plaintiff's Complaint [1] whether she intended to assert these claims in her individual capacity, or as the administratrix of her ex-husband's estate. In an abundance of caution, the Court will address both scenarios.

### A. *Statutory Standing*

First, Defendants argue that Plaintiff lacks statutory standing to assert claims on behalf of her ex-husband's estate or his wrongful death beneficiaries. "[W]hether

6

or not a particular cause of action authorizes an injured plaintiff to sue is a merits question . . . not a jurisdictional question." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008). Therefore, Rule 12(b)(6)'s standard applies. To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). When addressing a Rule 12(b)(6) motion, the Court may consider matters of public record, such as the pleadings, orders, and other documents filed in other cases. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

It is undisputed that the Harrison County Chancery Court closed Staten's estate and discharged Plaintiff from her obligations as adminstratrix long before she

filed this case. *See* Exhibit 18 [13-18]. It is also undisputed that Plaintiff, Staten's ex-wife, is not one of his wrongful death beneficiaries. *See* MISS. CODE ANN. § 11-7-13. Therefore, this Court has already found in a previous case that Plaintiff has no standing to seek relief on behalf of Staten's estate. *See* Order Denying Motion to Set Aside and Granting Amended Motion to Dismiss at 3, *Staten v. City of D'Iberville*, No. 1:13-CV-212-LG-JCG (S.D. Miss. Mar. 11, 2019), ECF No. 123. For the same reasons, the Court finds here that Plaintiff does not have standing under Mississippi law to bring claims on behalf of her ex-husband's estate or his wrongful death beneficiaries. *See also* MISS. CODE ANN. §§ 91-7-233, 11-7-14; *Burley v. Douglas*, 26 So. 3d 1013, 1020 (Miss. 2009). To whatever extent she intended to assert the claims in the present case in her *former* capacity as administratrix of Staten's estate, the Court finds that she lacks standing to assert them now.

## B. *Article III Standing*

Defendant's argument that Plaintiff has not suffered an injury-in-fact in her individual capacity implicates Article III's case-or-controversy requirement and, therefore, the Court's jurisdiction. *See Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction." *Davis*

8

*v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). "In evaluating subject matter jurisdiction on a motion to dismiss a court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tewari De-Ox Sys. v. Mt. States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). When considering a motion to dismiss under Rule 12(b)(1), the Court may also take judicial notice of matters of public record. *Martinez v. McLane*, 792 F. App'x 282, 284 (5th Cir. 2019) (citing FED. R. EVID. 201). The Court elects to only consider the pleadings, undisputed facts evidenced in the record, and matters of public record. Therefore, it must "consider the allegations in plaintiff's complaint as true." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The party asserting jurisdiction bears the burden of showing that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2011).

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). The "case-or-controversy" requirement limits federal judicial power via several doctrines, including standing. *Id.* The following elements are required to prove Article III standing:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003).

As noted above, all Plaintiff's claims in this case arise from Defendants' alleged actions in the original lawsuit filed on behalf of Staten's estate in May 2013. She did not assert any claims in the previous case in her individual capacity. Rather, she appeared in the previous case as the administratrix of Staten's estate, and asserted claims on behalf of the estate and Staten's wrongful death beneficiaries. Moreover, Plaintiff, Staten's ex-wife, is not one of his wrongful death beneficiaries. *See* MISS. CODE ANN. § 11-7-13. Therefore, Plaintiff has not demonstrated how anything that happened in the previous case could have injured her in her individual capacity. In other words, any actions by the Defendants in the previous case affected only the interests of Staten's estate and his wrongful death beneficiaries. Therefore, the Court finds that Plaintiff has not alleged an injury in fact in her individual capacity, and this case does not present a justiciable case or controversy.

## C. *Plaintiff's Arguments in Response*

In response to Defendants' motion, Plaintiff asserted a few arguments related to her standing to bring the claims asserted in this case. First, Plaintiff argued that she has standing because she had a claim against Staten's estate for unpaid child support. However, Plaintiff's own exhibits to her Complaint demonstrate that she received payment in full of the back child support when Staten's estate was probated. *See* Exhibits 83 & 84 to Complaint, *Staten v. Harrison County*, No. 1:19-CV-560-KS-RHW (S.D. Miss. Sept. 5, 2019), ECF No. 1-4. Therefore, this does not constitute an

10

injury in fact that is likely to be redressed by a favorable outcome in the present case.

Plaintiff also apparently argues that she suffered emotional distress because of Defendants' alleged actions in the previous. However, as already established, Plaintiff was not a party to the previous case in her individual capacity, and she had no personal stake in its outcome. Defendants' alleged malfeasances in the previous case were committed against the Estate and Staten's wrongful death beneficiaries, not Plaintiff.[1]

Finally, Plaintiff apparently argues that she has standing to assert the claims in this case pursuant to Miss. Code Ann. § 91-7-233, which provides:

> Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. They shall also be liable to be sued in court in any personal action which might have been maintained against the deceased.

MISS. CODE ANN. § 91-7-233. But Plaintiff is no longer the administratrix of Staten's estate. It is undisputed that the Harrison County Chancery Court closed Staten's estate and discharged Plaintiff from her obligations as administratrix long before she filed this case. Therefore, this statute does not confer standing on Plaintiff to assert the claims in this case.

For all these reasons, the Court grants the Motion to Dismiss [13] filed by Defendants Walter T. Johnson and Robert H. Pedersen. All Plaintiff's claims against

---

[1] Also, to be clear, Plaintiff has not asserted any claim under a theory of bystander liability, at least not that the Court is able to discern from her Complaint [1], and she has not alleged any facts to support such a claim.

these Defendants are dismissed with prejudice.

### III. GUILD, BROOM, BRISOLARA, & HARRISON COUNTY MOTION TO DISMISS [16]

Defendants Patrick T. Guild, Haley Necaise Broom, Harrison County, the Harrison County Board of Supervisors, and Melvin Brisolara (the "Harrison County Defendants") filed their own Motion to Dismiss [16]. They joined in the arguments raised by Defendants Pedersen and Johnson. Accordingly, for the same reasons provided above, the Court grants the Harrison County Defendants' Motion to Dismiss [16]. All Plaintiff's claims against the Harrison County Defendants are dismissed with prejudice.

### IV. ROSS MOTION TO DISMISS [32]

Defendants Lisa M. Ross and Lisa M. Ross Law Firm (the "Ross Defendants") filed their own Motion to Dismiss [32]. Therein, the Ross Defendants asserted the same standing arguments the Court already addressed. For the same reasons provided above, the Court grants the Ross Defendants' Motion to Dismiss [32]. All Plaintiff's claims against Lisa M. Ross and Lisa M. Ross Law Firm are dismissed with prejudice.

### V. DARE MOTION TO DISMISS [37]

Defendant Jason Dare filed his own Motion to Dismiss [37]. Therein, he asserted the same standing arguments the Court already addressed. For the same reasons provided above, the Court grants Dare's Motion to Dismiss [37]. All Plaintiff's claims against Defendant Jason Dare are dismissed with prejudice.

## VI. SANCTIONS

Finally, all Defendants seek sanctions against Plaintiff for filing this case, in the form of attorney's fees and costs incurred in responding to Plaintiff's claims, and an injunction barring her from asserting any further action in state or federal court based on the facts alleged in her Complaint [1]. Defendants argue that Plaintiff refuses to accept the prior rulings of this Court and other courts, and that her actions demonstrate that she intends to harass them with frivolous litigation until they pay her to stop.

This Court "has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). "Such orders are generally unnecessary, as res judicata and collateral estoppel are usually more than adequate to protect defendants against repetitious litigation." *Id.* But "[a] litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant and can waste an inordinate amount of court time." *Id.* The "court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others, and a litigant can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 388 F. App'x 940, 942 (5th Cir. 2010). The Court is likewise empowered to enjoin litigation in state courts as necessary "in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

13

As noted above, Plaintiff has filed multiple lawsuits arising from the same factual allegations, and multiple courts have dismissed the same claims she asserted in this case. Specifically, multiple courts have already ruled that Plaintiff does not have standing to assert the claims she brought here. It is clear from Plaintiff's behavior over the past several years and her filings in this case, that she will not respect a judgment entered by this or any other court. Moreover, Plaintiff's continued pursuit of claims that are not her own creates substantial questions regarding her motivation.

Therefore, pursuant to the authority granted by 28 U.S.C. §§ 1651 and 2283, the Court hereby enjoins Plaintiff from filing additional actions in any state or federal court premised upon the factual allegations asserted in this case and/or the previous cases in this Court – *Staten v. City of D'Iberville*, No. 1:13-CV-212-LG-JCG, and *Staten v. Ross*, No. 1:16-CV-319-HSO-JCG – against any of the same Defendants or any parties in privity with them, asserting the same claims or causes of action, without receiving prior approval of this Court. *See Liberty Mut. Ins. Co. v. Gunderson*, 305 F. App'x 170, 175 (5th Cir. 2008) (providing required elements of relitigation exception to the Anti-Injunction Act). The Court declines to award Defendants' costs and fees in the present litigation.

### VII. CONCLUSION

For the reasons provided above, the Court **grants** the Defendants' Motions to Dismiss [13, 16, 32, 37]. All of Plaintiff's claims asserted in this case are **dismissed**

**with prejudice**.

The Court also **enjoins** Plaintiff from filing additional actions in any state or federal court based on the factual allegations in this case and/or the previous cases in this Court – *Staten v. City of D'Iberville*, No. 1:13-CV-212-LG-JCG, and *Staten v. Ross*, No. 1:16-CV-319-HSO-JCG – against any of the same Defendants or any parties in privity with them, asserting any of the same claims or causes of action, without receiving the prior approval of this Court. The Court specifically warns Plaintiff that a violation of this injunction will constitute violation of a Court order, and could result in sanctions, including contempt of court. This case is closed.

SO ORDERED AND ADJUDGED this 2nd day of April, 2020.

          /s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE